Truman Allen SIZEMORE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17431.

Court of Criminal Appeals of Oklahoma.

June 28, 1972.

Red Ivy, Chickasha, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Ray Parks, Legal Intern, for appellee.

BUSSEY, Presiding Judge:

Appellant, Truman Allen Sizemore, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Grady County, Oklahoma, for the offense of Grand Larceny; his punishment was fixed at two (2) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Robert Moore testified that he has known defendant for a number of years and that they were in the Army together. On the evening of April 24, 1971, the defendant "picked me up; we took off and got a little nip." (Tr. 7) They proceeded to a tire store at Third and Florida Streets in Chickasha and the defendant got out carrying a pair of snips. The defendant cut a chain with the snips and got some tires from the rack. Moore testified that he [Moore] had been drinking quite heavily and did not know how many tires the defendant placed in the car.

Wayne Payne testified that he operated a drive-in directly across the street from the Doral Tire Company at Tenth and Florida Streets. He testified that at ap-proximately 7:00 p. m. on the day in question, he observed the defendant take a tire off of the rack and stick it inside a red Ford. He testified that the previous witness, Moore, was holding the door of the car. Defendant got into the car and drove east on Florida Street.

Robert Kelly testified that at approximately 7:00 on the evening in question, he was proceeding west on Florida Street and observed the defendant at the tire store. He observed the defendant make several trips back and forth from the racks to the car, each time carrying a tire. He testified that Robert Moore was holding the door open to the vehicle. He followed the car after it left the tire store to the 81 Club. He testified that he knew Jack Thomas, the owner of the company, and after following the defendant, called Thomas from a service station.

Jack Thomas testified that he owned the Doral Tire Company in Chickasha. He received a telephone call from Mr. Kelly and proceeded to his store. He testified that there were approximately seven tires missing of the approximate value of $7.50 to $8.50 per tire. He did not know the defendant and did not give the defendant permission to take the tires.

Detective Wheeler testified that he was dispatched to Rudy's Club in Chickasha at approximately 7:20 on the evening in question. He testified that a patrol car had the defendant's vehicle stopped when he arrived. He advised the defendant of his constitutional rights and placed him under arrest, observing a pair of bolt cutters laying on the front floorboard.

The defendant testified that on the day in question, he was employed by Grady County and had been for approximately two and one-half years. He had previously been convicted of a felony and was pardoned after serving one year. He had known Gene Sloan, the manager of the Doral Tire Company, for approximately twelve to fifteen years and had sold tires for him in the past. On the day in question, he started drinking at approximately

8:00 a. m. He picked up Robert Moore and they bought a bottle which they consumed. He drove to the tire shop and loaded up "three or four; maybe five" tires. (Tr. 46) He testified that he borrowed the bolt cutters from Grady County for the purpose of cutting rings from his hogs noses. Defendant further testified that he did not remember cutting the chain of the tire rack but admitted that he could have. He testified that he did not mean to steal the tires and thought that he had permission from Gene Sloan to get them. Defendant testified that he was "pretty fair drunk" at the time he took the tires. (Tr. 53)

■ Defendant's first proposition asserts that the Assistant District Attorney made improper and voluntary remarks during cross-examination of the defendant. The record reflects that on direct examination, the defendant testified that the bolt cutters belonged to Grady County and that he had borrowed them approximately two weeks prior to the incident. The Assistant District Attorney asked the following question on cross-examination:

"Q. This pair of wire cutters, you call borrowing them, Dan Allen didn't know that you borrowed them, did he?

"A. The foreman knew that I borrowed them.

"Q. Dan Allen is your boss, isn't he?

"A. He is the main guy and Tommie Novotny is the foreman.

"Q. Dan Allen has charge of all that equipment out there, doesn't it [sic]?

"A. Yes, sir.

"Q. Isn't he your boss?

"A. Yes, sir.

"Q. You work for him and he has charge of all the equipment and all of these tools?

"A. Yes, sir.

"Q. Why would Mr. Allen, being in charge of this equipment, and you borrowed it, why would he come to our office and tell us that it had been stolen?

"MR. IVY: Now, Your Honor, that kind of evidence is not permissible.

"THE COURT: I will sustain the objection and the jury will disregard it.

"MR. IVY: It is a self-serving declaration.

"Q. As a matter of fact, you just took those, didn't you?

"A. Any employee out there can take anything they want as long as they bring it back.

"Q. Did you take those back?

"A. I haven't had a chance to take them back.

"Q. How long did you keep them in your car?

"A. I had them prior to that two weeks. (Tr. 53–53)

We are of the opinion that although the form of the question was improper, the same was not so prejudicial as to enflame the jury in their verdict. We have previously held: "Where the guilt of the defendant is clear and there is no reason to believe that the jury could arrive at any other verdict than guilty, the court will not reverse a case because of improper conduct of the county attorney." Melot v. State, Okl.Cr., 375 P.2d 343.

■ The final proposition asserts that the case should be reversed because of the cumulative effect of improper questions propounded by the prosecutor and improper closing arguments. We have carefully considered the entire closing argument of the prosecuting attorney and are of the opinion that the defendant was not in fact prejudiced by the "alleged improper remarks" in view of the overwhelming evidence of guilt and the fact that less than one-half of the maximum sentence was imposed.

The judgment and sentence is accordingly affirmed.

SIMMS and BRETT, JJ., concur.