**Raymond S. MATHIS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–410.**

Court of Criminal Appeals of Oklahoma.

Dec. 27, 1976.

Gomer A. Evans, Jr., Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Raymond S. Mathis, hereinafter referred to as defendant, was charged in the District Court, Wagoner County, Case No. CRF-75-33, with the offense of Lewd Molestation, in violation of 21 O.S.1971, § 1123. He was tried by jury, convicted, and sentenced to serve a term of six (6) years in the Oklahoma State penitentiary. From said judgment and sentence, the defendant has perfected his timely appeal to this Court.

The testimony at trial revealed that the defendant and the Reno family had been friends for about three years. During that period the defendant spent a great deal of time entertaining the two Reno children, Beth Ann, age seven and her brother, age five. On July 9, 1975, the defendant spent the night at the Reno house, as he had often done. The children were sent to bed about 8:30 p. m. Mrs. Reno left for work at about 10:30 p. m., and Mr. Reno and the defendant watched television before retiring.

About two weeks later, Beth Ann told her parents of advances the defendant had made toward her. She related to them that on the night of July 9, 1975, she was awakened in the night by the defendant. He climbed into bed with her and proceeded to lick her breasts and her "private place." Beth Ann stated that she had been afraid to tell her parents about the incident sooner because she thought she had done something wrong.

Jean Ann and Ronald Lee Reno essentially corroborated Beth Ann's testimony. Mrs. Reno stated that when she approached the defendant with the story Beth Ann had told her, the defendant hung his head and asked her what she was going to do.

Orlin White, special investigator, arrested defendant at his place of work. While in the car on the way to jail, after having been given full Miranda warnings, the defendant admitted kissing the child above and below the waist.

John Holsbeck, the defendant's employer, testified that the defendant had informed him that he was going to jail because he had a "sex problem."

The defendant raises as his first assignment of error that improper statements

made during closing argument by the prosecutor appealed to the passion and prejudice of the jury and resulted in the denial of a fair and impartial trial for the defendant.

The record reveals that although no objection to closing remarks was entered by the defense counsel, the trial court interrupted the prosecutor's remarks at one point, and admonished her to stay within the record and admonished the jury to ignore the remarks.

 We have often held that counsel for both the State and the defendant are afforded a liberal range of argument. See, *Harvell v. State,* Okl.Cr., 395 P.2d 331 (1964). This Court has also held that where the guilt of the defendant is clear and there is no reason to believe that the jury could have arrived at any other verdict, this Court will not reverse a case because of improper conduct of the prosecuting attorney. See, *Sizemore v. State,* Okl. Cr., 499 P.2d 486 (1972). Moreover, as stated in *Sam v. State,* Okl.Cr., 523 P.2d 1146 (1974), an admonishment to a jury not to consider the remarks of counsel usually cures an error unless it is of such a nature, after considering the evidence, that it appears to have determined the verdict.

In the case at bar, the evidence presented clearly supports a conviction. Furthermore, since the defendant could have received a sentence of twenty (20) years in prison, but was given only six (6) years, it does not appear that the remarks prejudiced the defendant in any manner. Moreover, while the defendant failed to object to improper statements made by the prosecutor, and did not properly preserve the alleged errors, any prejudice was cured by the trial court's admonishment to the jury. See, *Haney v. State,* Okl.Cr., 503 P. 2d 909 (1972). Therefore, we find this assignment of error to be without merit.

In his second assignment of error, the defendant contends that the trial court erred by allowing into evidence any inculpatory statements made by the defendant.

The defendant did not present the issue of voluntariness in his motion for a new trial. This Court has repeatedly held that alleged error will not be considered on appeal if not presented in defendant's motion for a new trial unless such error is fundamental. See, *Strong v. State,* Okl. Cr., 547 P.2d 383 (1976).

It appears from the record that defendant was given his full Miranda warnings before he made any statements to the investigator. Defendant's responses were clear and unambiguous. He did not appear to be nervous. The record does not indicate in any way that the defendant's statements were not entirely voluntary. We find no fundamental error and, thus, this assignment of error is without merit.

For the above and foregoing reasons, we find the judgment and sentence appealed from should be, and the same is, hereby,

*AFFIRMED.*

RAYMOND S. MATHIS, appellant, was convicted of the offense of Lewd Molestation; was sentenced to six (6) years' imprisonment, and appeals. Judgment and sentence AFFIRMED.

BUSSEY and BLISS, JJ., concur.