**Roy Edward WILSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17884.**

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1973.

605

Newell E. Wright, Jr., McAlester, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Roy Edward Wilson, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Pittsburg County, Oklahoma, Case No. F–71–262, for the offenses of Assault and Battery With a Dangerous Weapon, After Former Conviction of a Felony, and Attempted Assault and Battery With a Dangerous Weapon, After Former Conviction of a Felony; he was convicted of Assault and Battery With a Dangerous Weapon and sentenced to serve five ·(5) years in the State Penitentiary, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, J. C. Harvey testified that he was employed as a Security Officer at the Oklahoma State Penitentiary in Mc-Alester. On the morning of December 1, 1971, he was talking to James Harrell in the dry-cleaning shop when inmate, Charles Edward Jackson ran past them, pursued by defendant, who carried a knife in his right hand. Jackson ran to the desk of O. A. Martin, followed by the defend-

ant, Harvey and Harrell. He observed the defendant swing the knife four or five times at Jackson. O. A. Martin tried to separate the defendant and Jackson with a chair, whereupon the defendant pushed the chair back and swung the knife at Martin. The defendant then moved around the chair, got on top of Jackson and stabbed him in the chest.

The testimony of James Harrell, the dry-cleaning superintendent at the prison, and O. A. Martin, the laundry superintendent, did not differ substantially from the testimony given by witness Harvey.

Dr. Nilo Cater, the Medical Officer at the Penitentiary Hospital, testified that he treated Jackson on the morning in question. He found Jackson in serious condition, with two serious wounds on his back and two more on his chest. He testified that in his opinion the wounds were caused by a sharp bladed instrument. Jackson was sent to McAlester General Hospital for further treatment.

Inmate John Barnett, victim Jackson, and the defendant, all testified substantially to the same on behalf of the defendant. They testified that Jackson and the defendant got into an argument and Jackson struck defendant with his fist. As the defendant fell back, he grabbed a knife which was lying on a nearby table and stabbed Jackson. Jackson ran, and the defendant followed him, thinking that Jackson was running to get a weapon. Jackson testified that he ran with that express purpose. All three witnesses denied that the defendant stabbed at Martin with the knife.

■ The first proposition asserts that the defendant was prejudiced when he was forced to trial on two cases simultaneously. The record reflects that the defendant was charged with Assault and Battery With a Dangerous Weapon, After Former Conviction of a Felony and Attempted Assault and Battery With a Dangerous Weapon, After Former Conviction of a Felony. The trial court ordered the two charges tried together over the defendant's objec-

tion under the expressed authority of 22 O.S.1971, § 438, which provides:

"The court may order two or more indictments or informations or both to be tried together if the offenses and the defendants, if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution was under such single indictment or information."

The defendant argues that because of the high esteem the McAlester community holds for prison employees, that it is impossible for them to render impartial judgment when a prisoner is alleged to have attempted to attack a prison employee. The defendant further argues that the prejudice generated by the charge of Attempted Assault and Battery With a Dangerous Weapon upon the prison employee prevented him from receiving a fair trial on both charges.

We are of the opinion that the trial court properly ordered the two cases tried together under the authority of 22 O.S. 1971, § 438, in view of the defendant's failure to demonstrate that joinder was prejudicial. A careful reading of the transcript of the *voir dire* examination does not establish any of the prejudice defendant attributes to McAlester jurors. The transcript further reflects that the defendant was apparently satisfied with the jury and that he waived his final two peremptory challenges. It is readily apparent that the jury in the instant case was not prejudiced because of the joinder of the two charges. The jury apparently believed the defendant's witnesses that he did not attempt to stab the prison guard with the knife and found the defendant not guilty. The jury evidenced their lack of prejudice when they did not find the defendant guilty of Assault and Battery With a Dangerous Weapon, After Former Conviction of a Felony, but rather found him guilty of the lesser offense of Assault and Battery With a Dangerous Weapon. We therefore find this proposition to be without merit.

The second proposition contends that the trial court erred in overruling the defendant's motion to dismiss. The defendant argues that the court should have dismissed the Attempted Assault and Battery With a Dangerous Weapon charge on the grounds that he was being tried twice, under separate charges, for the same actions. Citing as authority, Shackelford v. State, Okl.Cr., 481 P.2d 163.

We are of the opinion that the trial court properly overruled the defendant's motion to dismiss. In Kupiec v. State, Okl.Cr., 493 P.2d 444, we stated:

"Defendant further argues under this proposition that the admission of the evidence of the other crime in each case violates the proscription against double punishment for a single transaction, or course of conduct. We are of the opinion that the armed robbery and the rape were clearly separate and distinct crimes. The proof required for a conviction of armed robbery and the proof required for a conviction of rape is quite dissimilar. In the recent case of Tucker v. State, Okl.Cr., 481 P.2d 167, in response to defendant's contention that double punishment for a single criminal objective and intent, act, or course of conduct amounts to cruel and unusual punishment, the Court said:

'We are of the opinion that the fact the crimes were committed in rapid succession does not negate the ultimate fact that separate crimes were committed. To hold otherwise would open the door for persons to commit any number of crimes simultaneously, knowing they could only be punished for one.'"

In the instant case the evidence reflects that the defendant committed two separate distinct crimes of Assault and Battery With a Dangerous Weapon and Attempted Assault and Battery With a Dangerous Weapon. Each offense has some elements distinct unto itself, and further that two different men were victims of respective offenses. We therefore find this proposition to be without merit.

The final two propositions assert that the punishment is excessive, resulting from improper conduct of the prosecuting attorney. We have carefully examined the alleged improper conduct and are of the opinion that the same is not so prejudicial as to inflame the jury and their verdict. In Sizemore v. State, Okl.Cr., 499 P.2d 486, we stated:

"We have previously held: 'Where the guilt of the defendant is clear and there is no reason to believe that the jury could arrive at any other verdict than guilty, the court will not reverse a case because of improper conduct of the county attorney.' Melot v. State, Okl. Cr., 375 P.2d 343."

In conclusion we observe that the evidence of the defendant's guilt is overwhelming and that the punishment is not excessive. Under such circumstances, we are of the opinion that the judgment and sentence should be, and the same is accordingly, affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in results.