Melvin STOCKTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17207.

Court of Criminal Appeals of Oklahoma.

March 6, 1973.

L. G. Hawkins, Sapulpa, and Elmore Page, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge.

This is an appeal from a denial of Post-Conviction relief in the District Court of Creek County, Oklahoma. Petitioner, hereinafter referred to as defendant, was charged in the District Court of Creek County with the crime of Rape and was subsequently charged with the offense of Kidnapping in the District Court of Tulsa County, Oklahoma, said kidnapping and rape arising out of the same incident. Defendant, being represented by counsel, entered a voluntary plea of guilty in the District Court of Tulsa County for the crime of kidnapping on February 25, 1964, and was sentenced to a term in the state penitentiary of not less than fifteen (15) years and no more than life. Defendant, again represented by counsel, voluntarily entered a plea of guilty to the offense of rape in the District Court of Creek County on March 12, 1964, and was sentenced to a term of fifteen (15) years.

Defendant subsequently filed his application for Post-Conviction relief in the District Court of Creek County and an eviden-

tiary hearing was held on November 12, 1971, at which time defendant was represented by counsel. At the conclusion of said evidentiary hearing and after argument of counsel, the trial court made essentially the following findings of fact and conclusions of law:

1. The only question presented to the Court was double jeopardy.

2. Defendant, Melvin Stockton, entered a plea of guilty to the charge of kidnapping with intent to rape in Tulsa County on February 25, 1964, and was sentenced thereon.

3. Defendant on March 12, 1964, voluntarily entered his plea of guilty to the crime of rape in Creek County and was sentenced thereon.

4. Defendant was represented by an attorney at the time each of such pleas were entered.

5. Neither defendant nor his attorneys raised the question of double jeopardy before the District Court of Creek County at the time he entered his guilty plea.

The trial court, based upon said findings of fact and conclusion of law, denied defendant's application, from which final order defendant perfected this appeal.

Defendant argues that the kidnapping and the rape arose out of the same criminal transaction; and, therefore, defendant is suffering double punishment in violation of 21 O.S.1970, § 11. Defendant further contends in his second proposition that defendant has twice been put in jeopardy of life or liberty for the same offense in violation of Article II, § 21 of the Oklahoma Constitution.

Assuming, for sake of argument, that the subject kidnapping and rape constitute a single crime, this Court would be compelled to hold that jeopardy had attached and, therefore, the rape conviction in Creek County was void, unless defendant had prejudiced himself in a manner which would constitute a waiver of his constitutional and statutory rights.

The State contends that defendant did in fact waive his objection to former jeopardy and dual punishment by voluntarily entering the plea of guilty to the rape charge in Creek County. With this contention, the Court agrees. In the recent case of Bass v. State, Okl.Cr., 489 P.2d 1343 (1971), this Court held that:

"The sole proposition asserts that the plea of former jeopardy should have been sustained. We do not deem it necessary to discuss in this opinion whether or not jeopardy had attached. We are of the opinion that the defendant's unqualified plea of guilty waived any objection the defendant might have to the defense of former jeopardy."

In the case of Ex parte Kirk, 96 Okl.Cr. 272, 252 P.2d 1032 (1953), this Court stated as follows:

" 'Constitutional immunity from second jeopardy is a *personal privilege* for the sole benefit of the accused. It may be waived by express consent or by implication from conduct indicative of consent or by failure to claim or assert the right in seasonable time.' " (Emphasis added)

 It might be argued that although the constitutional privilege against double jeopardy is waivable, the statutory right against dual punishment is not waivable. With this argument, the Court does not agree. This Court has held in the cases of Emerson v. State, Okl.Cr., 327 P.2d 505 (1958), and McCluskey v. State, Okl.Cr., 372 P.2d 623 (1962), as follows:

" * * * A defendant in criminal cases may waive any right, not inalienable, given him by statute or by constitution which can be relinquished without affecting rights of others and without detriment to the community at large; and such waiver may be made either by express agreement or by conduct, or by failure to insist upon a right in seasonable time."

This Court, therefore, holds that the constitutional privilege against double jeopardy and the statutory proscription against dual punishment are personal rights which may be waived.

In the instant case, defendant and his defense counsel both failed to raise the issue of double jeopardy during the voluntary entry of the guilty plea in the Creek County rape conviction. The issue was voluntarily waived and cannot be raised successfully on appeal. Therefore, this Court is compelled to hold that the denial of defendant's application for Post-Conviction relief in the instant case should be, and the same is hereby, AFFIRMED.

We hasten to add, however, that even if the questions were properly before us and had not been waived, we would hold that the kidnapping and the rape were two separate and distinct offenses, each triable and punishable separately. The subsequent prosecution and conviction for rape in Creek County did not constitute double jeopardy or dual punishment. See Callins v. State, Okl.Cr., 492 P.2d 1133 (1972).

The defendant is advised that he has exhausted all of his state remedies.

Affirmed.

BUSSEY, J., concurs.

BRETT, J., dissents.