**Delbert Roy CLAY, James Dale Winkleman, Appellants,**

v.

**The STATE of Oklahoma and/or Norman B. Hess, Warden, O.S.P. Appellees.**

**No. PC–79–37.**

Court of Criminal Appeals of Oklahoma.

April 9, 1979.

Delbert Clay and James Dale Winkleman, pro se.

Andrew M. Coats, Dist. Atty., Arlene Joplin, Asst. Dist. Atty., Oklahoma County, for appellees.

**ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF**

Appellants, Delbert Roy Clay and James Dale Winkleman appealed from an order of

the District Court, Oklahoma County, Oklahoma, dated December 27, 1978, which denied them Post-Conviction Relief in three cases, to-wit: Robbery With Firearms, After Former Conviction of a Felony, Case No. CRF–78–681; Kidnapping, After Former Conviction of a Felony, Case No. CRF–78–682; and Assault While Masked, After Former Conviction of a Felony, Case No. CRF–78–688. Appellants entered pleas of guilty to each charge on May 25, 1978, and received sentences of fifteen (15) years for Robbery, ten (10) years for Kidnapping, and fifteen (15) years for Assault While Masked, each to run consecutively.

Appellants allege that the three informations actually charge but one crime and therefore each has been punished three times for the same criminal transaction. They argue this was a violation of the constitutional prohibition against double jeopardy and the statutory proscription against dual punishment. United States Constitution, Amend. V, Okl.Const. Art. 2, § 21; 21 O.S.1971, § 11.

■ In the trial court's order denying post-conviction relief, the court agreed with the primary position of the State that the prohibition against double jeopardy is a personal right which may be waived and is waived by the voluntary entry of a plea of guilty. *Stockton v. State,* Okl.Cr., 508 P.2d 663 (1973), *Bass v. State,* Okl.Cr., 489 P.2d 1343 (1971). This position is not correct. *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) held "that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute." This was applied in *Launius v. United States,* 575 F.2d 770 (9th Cir. 1978) which held that Appellants' guilty pleas did not constitute a waiver of their contention that consecutive sentences imposed upon them under multiplicious information violated the double jeopardy clause. Therefore, in the instant proceeding, Appellants' claim cannot be disposed of on the basis of waiver but must be decided on its merits.

■ Turning to a consideration of the merits of Appellants' claims, we note several relevant propositions. Alleged constitutional double jeopardy clause violations are tested by inquiring whether or not each of the offenses charged requires proof of a fact that each of the other offenses charged does not. Offenses requiring such different elements of proof are not the same for purposes of the double jeopardy proscriptions. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Delaune v. State,* Okl.Cr., 569 P.2d 463 (1977) and *Burks v. State,* Okl.Cr., 568 P.2d 1311 (1977).

Further, this Court has repeatedly held that the statutory prohibition on multiple punishment of the same act or omission, 21 O.S.1971, § 11, is not violated where the offenses are separate and distinct and require dissimilar proof, even though they arise from the same transaction. *Barnhart v. State,* Okl.Cr., 518 P.2d 1123 (1974); *Kupiec v. State,* Okl.Cr., 493 P.2d 444 (1972) and *Tucker v. State,* Okl.Cr., 481 P.2d 167 (1971). Offenses viewed in such a posture are not mere means to some other ultimate objective, nor are they lesser offenses included in some other offense, nor are they merely different incidents or facets of some primary offense.

■ Additionally, it is clear that offenses committed against different individual victims are not the same for double jeopardy or dual punishment purposes, even though they arise from the same episode or transaction. *Wilson v. State,* Okl.Cr., 506 P.2d 604 (1973); *Jennings v. State,* Okl.Cr., 506 P.2d 931 (1973) and *Orcutt v. State,* 52 Okl.Cr. 217, 3 P.2d 912 (1931).

■ Viewed against the background discussed above, it is clear the Appellants' claims fail. The charged offenses—Robbery With Firearms, After Former Conviction of a Felony, Kidnapping, After Former Conviction of a Felony and Assault While Masked, After Former Conviction of a Felony—committed as they were against different individual victims, are separate and distinct offenses requiring different elements of proof. Accordingly, the trial Judge was correct in his alternate holding that Appellants' claims failed on the merits.

IT IS THEREFORE THE ORDER of this Court that the Order of the District Court denying the Appellants' Application for Post-Conviction Relief be, and the same hereby is *AFFIRMED*.

WITNESS OUR HANDS, and the Seal of this Court, this 9th day of April 1979.

Tom R. Cornish, Presiding Judge
TOM BRETT, Judge
HEZ J. BUSSEY, Judge.