**David Lee HOFFMAN, Sr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–144.**

Court of Criminal Appeals of Oklahoma.

May 13, 1980.

Larry L. Oliver and J. Richard Johnson, Jr., Oliver & Evans, Inc., Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Susan M. Otto, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant was charged with the crime of Murder in the First Degree in the District Court of Tulsa County, Oklahoma, Case No. CRF–77–2813, and convicted of Manslaughter First Degree. Punishment was set at sixty-five (65) years' imprisonment.

Following a heated argument with the appellant earlier in the day, Phyllis Hoffman, the appellant's wife, accompanied by two police officers, went to the home of her estranged husband to pick up their children. At his residence another argument ensued. The appellant fatally shot his wife and pointed the weapon at the officers. Officer York returned fire, one shot wounding the appellant.

Charges were filed against the appellant for Feloniously Pointing a Weapon at a police officer, Case No. CRF–77–2811, and Murder in the First Degree, Case No. CRF–77–2813, for the death of the appellant's wife. The State elected to proceed first in Case No. CRF–77–2811, and the appellant was acquitted.

### I

■ The appellant claims that under the facts presented he is immune from a second prosecution. He argues that because he was tried and acquitted of Feloniously Pointing a Weapon at a police officer, another punishment may not now be inflicted for the homicide of his wife arising out of the same transaction.

Relying heavily on *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the appellant urges the doctrine of collateral estoppel bars a second trial to litigate the same issue of ultimate fact. Interpreting the *Ashe* rule in *Hill v. State*, Okl.Cr., 511 P.2d 604 (1973), this Court said:

"It is this Court's opinion the *Ashe* rule is limited to an application of collateral estoppel to the circumstance wherein the accused is acquitted in a prior prosecution for an offense arising out of the same transaction. The jury's determination of

defendant's innocence estops the State from pursuing a prosecution for the same identical offense committed against another victim. . . ."

However, the appellant fails to support his argument with any authority that an acquittal on charges of Feloniously Pointing a Weapon determines the ultimate fact at issue in a prosecution for Murder. We find the ultimate facts at issue in each case are wholly separate and distinct and, therefore, reliance on *Ashe v. Swenson*, supra, is misplaced. Thus, the doctrine of collateral estoppel cannot properly be applied in this case.

## II

The next question for determination is whether the murder trial should have been barred by reason of former jeopardy. The appellant contends that the proper test to be used in determining a double jeopardy issue is the "same transaction or occurrence" test mandated by the United States Supreme Court. However, the United States Supreme Court has not held any one test is required.[1] Generally, in determining the viability of a double jeopardy claim the courts in various jurisdictions have utilized what has been described as the "same evidence test" or the "same transaction test," or a variation of the two.[2]

■ In Oklahoma, the law has vacillated between this Court's application of the same transaction test and now the same evidence test. One writer notes this shift can be traced almost solely to personnel changes on the Court of Criminal Appeals.[3]

In approaching the double jeopardy issue in *Hill v. State*, supra, this Court observed:

[T]he framers of the Oklahoma and United States Constitutions, when imposing the prohibition of placing a person twice in jeopardy, clearly intended the person to be protected from being prosecuted repeatedly for the same offense until a conviction was obtained. It was not intended as a method of carte blanche extending to the accused the prerogative of committing as many offenses as he desired within the same transaction with the protective shield of permitting only one prosecution to arise and be pursued from that transaction. To permit such procedural prohibitions would indeed be contra [to] the general concept that the penal statutes are imposed with the intent of deterring criminal offenses. *Tucker v. State*, Okl.Cr., 481 P.2d 167. The fact the above crimes were committed in rapid succession does not negate the fact that separate offenses were committed. *Kupiec v. State*, Okl.Cr., 493 P.2d 444."

More recently in *Clay v. State*, Okl.Cr., 593 P.2d 509 (1979), in a case affirming denial of post-conviction relief, we stated:

"[T]his Court has repeatedly held that the statutory prohibition on multiple punishment of the same act or omission, 21 O.S.1971, § 11, is not violated where the offenses are separate and distinct and require dissimilar proof, even though they arise from the same transaction. *Barnhart v. State*, Okl.Cr., 518 P.2d 1123 (1974); *Kupiec v. State*, Okl.Cr., 493 P.2d 444 (1972) and *Tucker v. State*, Okl.Cr., 481 P.2d 167 (1971). . . .

"Additionally, *it is clear that offenses committed against different individual victims are not the same for double jeopardy or dual punishment purposes, even*

1. Layton, *Criminal Law: The Same Offense in Oklahoma—Now You See It, Now You Don't*, 28 Okl.L.Rev. 131 (1975). (Hereinafter cited as Note, Same Offense.)

2. The procedure under the same evidence test is that the court compares the offenses charged in the informations or indictments and if each offense requires different proof to support a conviction, even if only a single additional element is required, then the offenses are not the same, and a conviction or acquittal upon one

indictment is no bar to a subsequent conviction or sentence upon another. See *Hill v. State*, Okl.Cr., 511 P.2d 604 (1973).

On the other hand, the same transaction test requires the prosecution in one proceeding of all the charges against a defendant that grow out of a single criminal act, occurrence, episode or transaction.

3. Note, *Same Offense*.

*though they arise from the same episode or transaction. Wilson v. State*, Okl.Cr., 506 P.2d 604 (1973); *Jennings v. State*, Okl.Cr., 506 P.2d 931 (1973) and *Orcutt v. State*, 52 Okl.Cr. 217, 3 P.2d 912 (1931)." (Emphasis added)

Applying these doctrines to the facts before us, we hold the appellant was not subsequently tried in violation of the prohibition against double jeopardy.

### III

■ The appellant next argues that the State, in electing to proceed first in the prosecution for Feloniously Pointing a Weapon "constructively required him to take the witness stand in order to properly present his defense." He testified to the shooting incident in the first prosecution for Feloniously Pointing a Weapon and further testified to the same in the homicide trial. The appellant thus asserts that his constitutional guarantees under the "transactional immunity" provisions of the Oklahoma Constitution, Art. II, § 21 and § 27, were violated.[4] The State replies that this argument is meritless because from the record it does not appear that immunity was granted or that the appellant was compelled to give such testimony in violation of his rights.

In construing Art. II, § 21 and § 27, of the Oklahoma Constitution, in *Nuckols v. Van Wagner*, Okl.Cr., 511 P.2d 1110 (1973), we held in part:

"[U]nless the immunity is lawfully extended to petitioner, he is not protected by a cloak of immunity and consequently, he conceivably could still be subject to prosecution for the offense for which he is claiming this immunity. . . ." (Citation omitted)

The record before this Court does not demonstrate that immunity was extended to the appellant. His reference to a "constructive requirement that he take the stand to adequately present his defense" is insufficient to invoke the immunity statute. Furthermore, the appellant voluntarily testified in the murder trial; he was not compelled to take the witness stand. We fail to see how there can be a violation of immunity when the appellant has not been forced to testify. We conclude that the appellant's argument is without foundation.

### IV

■ The appellant next urges that prosecutorial misconduct during closing argument precluded him from receiving a fair trial. He argues that the following remarks were in disregard of the trial court's instructions that the jury return a verdict based on the evidence:

"[BY MR. MUSSEMAN] . . . there is a reason punishment is left for jurors, and the law recognizes punishment as we talked about in voir dire. The law recognizes three purposes for punishment; number one, punishment is like spanking children to let them know that there are rules and when they break them they get punished, number two, is to remove that offender from the presence of the rest of us so he doesn't do it again, and *the third is to tell everyone else, and believe me people will know what the verdict is, what will happen when you commit this crime* and that's important, because if it

---

4. Art. II, § 21, of the Oklahoma Constitution provides:

"No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided; nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

Art. II, § 27, (amended Dec. 7, 1971) provides for immunity from prosecution as follows:

"Any person having knowledge or possession of facts that tend to establish the guilt of any other person or corporation under the laws of the state shall not be excused from giving testimony or producing evidence, when legally called upon so to do, on the ground that it may tend to incriminate him under the laws of the state; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence. All other provisions of the Constitution or the laws of this state in conflict with the provisions of this constitutional amendment are hereby expressly repealed."

doesn't serve that purpose then there is no purpose in being here. *I hope we can prevent others from being here the next time.* You should set a number of years to fit the punishment, and you should set the punishment in excess of sixty years, and the proper verdict would be guilty of murder in the first degree." (Emphasis added)

We have consistently held that when a timely objection is not made the appellant is deemed to have waived any objection unless the remarks are so fundamentally prejudicial that the trial court cannot correct the error by instruction to the jury. *Johnson v. State*, Okl.Cr., 597 P.2d 340 (1979). After a careful review of the complained of remarks, and noting here the appellant was charged with Murder and found guilty of Manslaughter, we conclude the comments were not such as to significantly prejudice the appellant's fundamental rights. Therefore, we find no basis for modification or reversal.

## V

It is next alleged that the trial court erred in overruling the appellant's motion for a mistrial following an outburst by a spectator, later identified as the decedent's brother. It is asserted that the following interruption during closing argument deprived the appellant of his right to a fair trial:

"A SPECTATOR: Wait a minute, lawyer. He didn't say that and—
"THE COURT: We'll have order in the courtroom. There will be no outbursts.
"THE SPECTATOR: That is a lie. He was on the phone talking to me. You've been saying—
"THE COURT: There will be no outbursts in this courtroom. My bailiff will show you out. Take this gentleman outside the courtroom."

No citation of authority has been submitted in support of this claim. We find that the trial court admonished the jury and removed the spectator from the courtroom following the outburst. Generally, this cures an error unless it is of such a nature that the error appears to have determined the verdict. *Kitchens v. State*, Okl. Cr., 513 P.2d 1300 (1973). Where, as here, a conviction is based on overwhelming evidence it cannot be held to have been prejudicial to the rights of the appellant. *Cooper v. State*, Okl.Cr., 524 P.2d 793 (1974).

Based on the foregoing the judgment and sentence is, hereby, *AFFIRMED.*

BUSSEY, J., concurs.

BRETT, J., concurs in results.