[No. B054590. Second Dist., Div. Two. Mar. 24, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL TYRONE WILLIAMS, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Only the Introduction, part VII of the Discussion, and the Disposition are certified for publication. The Facts, parts I through VI, and part VIII do not meet the standards for publication contained in rule 976(b) of the California Rules of Court.

**COUNSEL**

David H. Goodwin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, William T. Harter and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BOREN, P. J.—**

### INTRODUCTION

Michael Tyrone Williams appeals following his conviction by a jury of two counts of attempted murder (Pen. Code, §§ 664/187, subd. (a)), with findings that he had inflicted great bodily injury on the victim as a result of discharging a firearm from a motor vehicle (Pen. Code, § 12022.55). The attempted murders occurred during a gang-related drive-by shooting. Appellant was sentenced to a total prison term of 18 years. On appeal, he raises numerous contentions regarding trial and sentencing errors which we find to be without merit, but for the erroneous calculation of presentence custody credit.

### FACTS, DISCUSSION I-V.*

. . . . . . . . . . . . . . . . . . . . . . . .

VII. *Imposition of Penal Code Section 12022.55 Enhancements*

 Appellant contends that the trial court erred in sentencing him with a gun use enhancement pursuant to Penal Code section 12022.55 on each of the two counts for which he was convicted, in violation of the single occasion rule set forth in *In re Culbreth* (1976) 17 Cal.3d 330, 334 [130 Cal.Rptr. 719, 551 P.2d 23]. However, *Culbreth* precludes multiple enhancements imposed pursuant to Penal Code section 12022.5, not section 12022.55, where a defendant uses a firearm in the commission of a number of offenses as a part of an indivisible transaction in which the victims are

---

*See footnote, *ante*, page 601.

shot incident to one objective. No such limitation has ever been placed on the application of an enhancement imposed pursuant to Penal Code section 12022.55.[9] (*People* v. *Alvarez* (1992) 9 Cal.App.4th 121, 127 [11 Cal.Rptr.2d 463].)

As the court observed in *Alvarez*, Penal Code section 12022.5 and section 12022.55 are at first glance somewhat similar, but yet focus upon fundamentally different conduct. (9 Cal.App.4th at p. 128.) Section 12022.5 provides a sentence enhancement (of three, four or five years) for a person who, in the terms of the statute, "personally uses a firearm in the commission or attempted commission of a felony." Section 12022.55 provides a sentence enhancement (of five years) when a person, with the intent to cause great bodily injury or death, causes "great bodily injury" by shooting a firearm from a motor vehicle in the commission of a felony or attempted felony.

Although appellant seeks to apply to Penal Code section 12022.55 enhancements the *Culbreth* restriction applicable to section 12022.5 gun use enhancements, the purpose of the two enhancements is quite different. On the one hand, *Culbreth* noted, "The legislative purpose of section 12022.5 [is] to deter the use of firearms on subsequent occasions." (*In re Culbreth, supra,* 17 Cal.3d at p. 333.) The number of enhancements permissible thus depends on the number of occasions of gun use, not on the number of victims of such gun use. "[T]he multiplicity of sentences because of the multiplicity of victims does not engender multiplicity of weapon use." (*People* v. *Rodriguez* (1984) 160 Cal.App.3d 207, 214 [206 Cal.Rptr. 563].) Therefore, where the evil to be prevented, an occasion involving the use of a gun, occurs only once, although there are several victims, only one enhancement is warranted.

On the other hand, Penal Code section 12022.55 focuses on a different evil, i.e., the intentional infliction of great bodily injury by someone discharging a firearm from within a car. The evil addressed is thus not related to the number of occasions of gun use, but rather to the number of victims who suffer great bodily injury from such a so-called "drive-by." As the court held in *People* v. *Alvarez, supra,* 9 Cal.App.4th 121, the enhancement provided by section 12022.55 is not a firearm use enhancement subject to *Culbreth*'s single occasion rule, since the enhancement expressly applies

[9]Penal Code section 12022.55 provides as follows: "Notwithstanding Section 12022.5, any person who, with the intent to inflict great bodily injury or death, inflicts great bodily injury, as defined in Section 12022.7, or causes the death of a person, other than an occupant of a motor vehicle, as a result of discharging a firearm from a motor vehicle in the commission of a felony or attempted felony, shall, upon conviction of the felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for five years."

to the actual infliction of great bodily injury rather than to the mere use of a firearm. (9 Cal.App.4th at p. 128.) Accordingly, more than one seriously injured victim does indeed create more than one violation of the law, permitting multiple enhancements under section 12022.55.

■ Moreover, the rationale for the indivisible transaction concept addressed in *Culbreth* is the restriction on double punishment derived from Penal Code section 654.[10] ■ However, it is well established that Penal Code section 654 does not apply to a defendant who " 'commits an act of violence with the intent to harm more than one person or by means likely to cause harm to several persons.' " (*People* v. *Miller* (1977) 18 Cal.3d 873, 885 [135 Cal.Rptr. 654, 558 P.2d 552], quoting *Neal* v. *State of California* (1960) 55 Cal.2d 11, 20-21 [9 Cal.Rptr. 607, 357 P.2d 839].) Preventing " 'violence with the intent to harm' " (*ibid.*) is the specific function of Penal Code section 12022.55, but not necessarily of section 12022.5. "[T]he purpose of the protection against multiple punishment [in Penal Code section 654] is to insure that punishment is commensurate with criminal liability. 'A defendant who commits an act of violence with the intent to harm more than one person . . . is more culpable than a defendant who harms only one person.' " (*People* v. *Cook* (1984) 151 Cal.App.3d 1142, 1147 [199 Cal.Rptr. 269], quoting *Neal* v. *State of California, supra,* 55 Cal.2d at p. 20.) ■ It is therefore apparent that the number of enhancements pursuant to Penal Code section 12022.55 is limited only by the number of victims intentionally harmed.

Finally, if the Legislature had intended to limit multiple enhancements imposed pursuant to Penal Code section 12022.55 by the *Culbreth* single occasion rule, it could have specifically done so when enacting the statute. In other contexts, the Legislature has expressed its intent to restrict multiple enhancements (see, e.g., Pen. Code, § 1170.1, subd. (e)), and could have done so in the present context, as well. In the absence of legislation requiring such a result, we decline the invitation to extend *Culbreth*'s limitation on the imposition of enhancements to the Penal Code section 12022.55 great bodily injury enhancement. Accordingly, the five-year enhancements to appellant's sentence were properly imposed on both counts of attempted murder.

VIII. *Presentence Custody Credit**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[10]Penal Code section 654 provides as follows: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

*See footnote, *ante*, page 601.

## DISPOSITION

The judgment is modified to reflect a total of 451 days of presentence custody credit. In all other respects, the judgment is affirmed.

Gates, J., and Nott, J., concurred.