**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

B.J. BURLESON,

        Petitioner - Appellant,

v.

JAMES SAFFLE,

        Respondent - Appellee,

    and

DREW EDMONDSON,

        Respondent.

No. 00-6254

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. NO. 98-CV-1129-L)**

---

Susan M. Otto, Federal Public Defender, Oklahoma City, Oklahoma, for Petitioner-Appellant.

Diane L. Slayton, Assistant Attorney General (W.A. Drew Edmondson, Attorney General of Oklahoma, with her on the briefs), Oklahoma City, Oklahoma, for Respondent and Respondent-Appellee.

---

Before **LUCERO** , Circuit Judge, **McWILLIAMS** , Senior Circuit Judge, and

**STAGG**,[*] District Judge.

---

**LUCERO**, Circuit Judge.

---

B.J. Burleson, an Oklahoma state prisoner, asks this Court to reverse the decision of the district court denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. He contends that his state court conviction for two counts of using a vehicle to facilitate the intentional discharge of a weapon was a violation of the Double Jeopardy Clause of the Fifth Amendment. On May 7, 2001, we granted Burleson a certificate of appealability. On January 24, 2002, the matter was ordered stayed by this Court pending resolution of a question of state law that we certified to the Oklahoma Court of Criminal Appeals ("OCCA"). That question has been answered and, exercising our jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c)(1)(A), we now affirm.

Relevant factual background and procedural history is thoroughly presented in our Certification of Question of State Law, Burleson v. Saffle, 278 F.3d 1136, 1138–40 (10th Cir. 2002), and need not be repeated in detail here. Briefly, Burleson was a passenger in a car when he fired approximately five shots at two different men, hitting one and leaving him paralyzed. He was subsequently

---

[*] The Honorable Tom Stagg, District Judge for the Western District of Louisiana, sitting by designation.

-2-

convicted on two counts of violating Oklahoma's "drive-by shooting" statute, Okla. Stat. tit. 21, § 652(B), and sentenced to two consecutive twenty-year prison terms. He has advanced two arguments in support of his petition for a writ of habeas corpus: First, he suggests that the OCCA's holding in Locke v. State—"where a vehicle is used to facilitate the intentional discharge of a weapon during a single transaction or 'shooting event,' only one count of Using a Vehicle to Facilitate the Intentional Discharge of a Firearm is appropriate," 943 P.2d 1090, 1095 (Okla. Crim. App. 1997)—should be applied retroactively to his case. Second, he contends that irrespective of the application of Locke to his case, his conviction for two counts of violating Oklahoma's drive-by shooting statute is a double jeopardy violation.

In our Certification Order, we explained why it is impossible for us to grant a writ of habeas corpus based on Burleson's retroactivity argument. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may not grant an application for a writ of habeas corpus with respect to any claim adjudicated on the merits by a state court unless that state court decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

-3-

28 U.S.C. § 2254(d). As we stated in the Certification Order,

> To the extent that Burleson asks us to grant him habeas relief by applying the "new rule" of Locke to his already final case, we have only one question to consider: Was the OCCA's decision not to apply Locke retroactively to Burleson's case contrary to or an unreasonable application of federal law? The answer to that question is clearly no, because whether or not a new rule of state law may be applied retroactively is a pure state law question.

Burleson, 278 F.3d at 1140. The OCCA noted in its denial of Burleson's request for post-conviction relief that the "general rule of [Oklahoma] law" is that "new rules or intervening changes in the law should only be applied prospectively from their effective date, especially on collateral review, unless they are specifically declared to have retroactive effect." (Order Affirming Den. Post Conviction Relief at 1–2.) Locke was not declared to have retroactive effect. This state law ruling provides us with no grounds for granting Burleson habeas relief.

Burleson's second argument, that his convictions were a double jeopardy violation irrespective of the OCCA's holding in Locke, is untenable in light of the OCCA's answer to our certified question of state law. As discussed above, pursuant to AEDPA we may grant Burleson habeas relief only if we conclude that the OCCA's decision in his case was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. In the Certification Order, we identified the relevant law as the rule of Blockburger v. United States that "there can be but one penalty" when a statute criminalizes a

-4-

course of action rather than an individual act.  284 U.S. 299, 302 (1932) (quotation omitted).    Burleson contends that Oklahoma's drive-by shooting statute criminalizes a course of conduct, and that therefore      Blockburger  compels us to conclude that his conviction for two counts of violating the statute subjected him to double jeopardy.

There was no violation of the     Blockburger  rule in the present case if the Oklahoma legislature intended to allow defendants to be punished multiple times pursuant to the state's drive-by shooting statute for engaging in a single shooting event.  See Missouri v. Hunter  , 459 U.S. 359, 366 (1983) ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.").  Moreover, "[i]n assessing whether a state legislature intended to prescribe cumulative punishments for a single, criminal incident, we are bound by a state court's determination of the legislature's intent."  Birr v. Schillinger   , 894 F.2d 1160, 1161 (10th Cir. 1990);     see also Hunter , 459 U.S. at 368 ("We are bound to accept the [State] court's construction of that State's statutes.").

In Locke , the OCCA's only published, precedential opinion construing the state's drive-by shooting statute, the court determined that the Oklahoma legislature intended to criminalize a course of conduct rather than a discrete act,

-5-

and that therefore multiple convictions arising out of a single shooting event would be a double jeopardy violation. 943 P.2d at 1095. Because Burleson's pre-Locke double jeopardy claim was denied by the OCCA in a summary, unpublished opinion, and because prior to Locke there had been no precedential cases construing Oklahoma's drive-by shooting statute, we were uncertain (1) whether the OCCA had reinterpreted the statute between the time of its decision in Burleson's case and its decision in Locke, in which case Burleson's conviction would not have been a double jeopardy violation because the statute, as construed by the state court at the time his conviction became final, allowed for multiple convictions arising out of one shooting event, or (2) whether the OCCA had consistently interpreted the statute as criminalizing only a course of conduct, in which case Burleson's conviction would necessarily have been a double jeopardy violation.

Presented with a summary opinion, no prior authoritative interpretation of the statute, and subsequent authority implicating defendant's constitutional rights, we were unwilling to presume that the OCCA had adopted a particular saving construction of the statute that would assure the constitutional application of the statute in the instant case. Nonetheless, in the interest of comity we likewise refused to presume that the OCCA had resolved a statutory question in a manner that would lead to a constitutional violation. We thus certified the following

-6-

question to the OCCA:

> On August 1, 1997, the Oklahoma Court of Criminal Appeals held that "where a vehicle is used to facilitate the intentional discharge of a weapon during a single transaction or 'shooting event' only one count of Using a Vehicle to Facilitate the Intentional Discharge of a Firearm [Okla. Stat. tit. 21, § 652(B)] is appropriate."   Locke v. State, 943 P.2d 1090, 1095 (Okla. Crim. App. 199    7).  Did the statute have the same meaning under Oklahoma law on May 2, 1997, the day petitioner-appellant's criminal conviction for two counts of violating this section was affirmed?

Burleson, 278 F.3d at 1138.

The OCCA, over a dissent, has now answered our question in the affirmative, albeit with something of a twist:

> [W]e find that the Legislature intended to allow multiple counts for the offense of use of a vehicle to facilitate the intentional discharge of a weapon, where multiple victims are involved.  We now turn to the question posed by the Tenth Circuit.  In light of our interpretation of the drive-by shooting statute, we find that   Locke was wrongly decided and must be overruled.  The statute's meaning is the same as it was on May 2, 1997, when Burleson's convictions were affirmed.

Burleson v. Saffle, No. CQ-2002-140, 2002 Okla. Crim. App. LEXIS 14, at *12 (Okla. Crim. App. Mar. 27, 2002) (footnote omitted).  We now know that at the time Burleson's conviction became final the OCCA had concluded "that the [Oklahoma] Legislature intended to impose an additional punishment on persons who commit drive-by shootings by allowing more than one prosecution where there are multiple victims."   Id. at *6.  Because the legislature intended to allow for multiple convictions in a factual circumstance like that presented in the instant

case, Burleson's two convictions for violating the state's drive-by shooting statute did not violate his right against being subjected to double jeopardy.

The district court's dismissal of Burleson's petition for a writ of habeas corpus is **AFFIRMED** .[1]  Mr. Burleson's motion to proceed in forma pauperis is granted.

---

[1]  Burleson's "Motion for Leave to File Appellant's Second Supplemental Brief" is granted.