16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jimmy Dale WINKLEMAN, Petitioner-Appellant,
v.
Dan M. REYNOLDS, Warden, Respondent-Appellee.
 No. 93-6283.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 In 1978 Appellant Jimmy Winkleman and two co-conspirators robbed a drug store in Oklahoma City. On May 25, 1978, after his arrest for the offense, Appellant pled guilty in state court to Robbery with Firearms, Assault while Masked and Kidnapping, all after former conviction of a felony. Appellant unsuccessfully sought reversal of his sentence through the state court system and eventually filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Oklahoma. The Magistrate assigned to the case recommended that the petition be denied and the district court agreed. We affirm.
 
 
 4
 Because Appellant is proceeding pro se, we liberally construe his pleadings. See Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.). In light of this standard, we find that Appellant has raised two cognizable issues on appeal. First, whether the imposition of consecutive sentences for the three crimes to which he pled guilty violates Appellant's constitutional right to be free from double jeopardy. Second, whether the state appellate court violated Appellant's constitutionally protected due process rights by unforeseeably misapplying Okla. Stat. tit. 21, 11. Clay v. State, 593 P.2d 509 (Okla.Crim.App.) (Appellant was a party in Clay seeking post-conviction relief from the same convictions and sentences that form the basis of this habeas action presently before the court).
 
 
 5
 As a preliminary matter, we note that Appellant has not contested the district court's finding that he is no longer in custody on the Robbery with Firearms conviction and thus not entitled to habeas relief therefrom; thus, that issue is waived on appeal. Moreover, even if Appellant's brief could possibly be interpreted to challenge this finding by the court, we can find no error in the court's determination.
 
 
 6
 We now turn our attention to the first issue raised on appeal. In United States v. Broce, 488 U.S. 563, the Court addressed whether entering a guilty plea may foreclose a defendant's right to assert a double jeopardy claim at a later date. In particular, the Court stated:
 
 
 7
 "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence."
 
 
 8
 Id. at 569.
 
 
 9
 In the present case, the district court correctly determined that Appellant's pleas were knowing and voluntary. In fact, Appellant does not seem to argue the contrary. Rather, he concentrates on the exception to the general rule espoused in the above quote from Broce. The essence of Appellant's double jeopardy claim is that the state court could not enter his convictions based on the face of the indictments because he only intended to rob the drug store yet the multiple indictments were somehow facially illegal because the prosecution arbitrarily decided to list separate individuals as the targets of the three crimes allegedly perpetrated by Appellant while at the drug store. As the district court phrased it, Appellant's argument is that the separate charges and subsequent convictions are a matter of "form over substance" because all of the alleged offenses occurred during one continuous act, the robbery of the drug store, and all of the victims were treated similarly.
 
 
 10
 Unfortunately for Appellant, the mere fact that the same act or transaction results in the violation of various distinct statutory provisions does not by itself support a double jeopardy claim. See Blockburger v. United States, 284 U.S. 299. After carefully reading the indictments filed against Appellant, we are convinced that three elementally distinct crimes were alleged and that each had a different individual properly named as the alleged victim. Despite Appellant's protestations to the contrary, there is no evidence to suggest that the state court had no power or authority to enter Appellant's convictions and sentence him accordingly because proof of each alleged crime as presented in the indictments would have required proving at least some separate and distinct facts. See id. at 302.
 
 
 11
 As to Appellant's second claim of error, he asserts that the state appellate court retroactively and unexpectedly misapplied Okla. Stat. tit. 21, 11 ("Section 11") in violation of the Fourteenth Amendment. Appellant correctly states that the Due Process Clause protects an individual from deprivation of his liberty by retroactive application of unforeseeable changes and interpretations of statutes and judicial precedent.
 
 
 12
 Section 11 is essentially a state double jeopardy statute providing that the same act or omission cannot be punished pursuant to more than one statute. In Clay, the state appellate court opined that offenses committed against separate individuals "are not the same for double jeopardy or [Section 11] dual punishment purposes, even though they arise from the same episode or transaction." Clay, 593 P.2d at 510 (citations omitted and emphasis added). The court went on to deny Appellant's collateral attack to his convictions and sentencing because it was clear that the charged offenses were committed against different victims and were separate and distinct, requiring different elements of proof.
 
 
 13
 In support of his position that the holding in Clay was unprecedented and retroactively applied Appellant cites some Oklahoma state cases from 1971 for the proposition that Section 11 had been consistently interpreted until Clay to deny multiple prosecutions in cases similar to Appellant's. However, the court's holding in Clay was predicated in part on Wilson v. State, 506 P.2d 604, 607 (Okla.Crim.App.), which was decided in 1973 and clearly states that elementally distinct offenses committed against different victims arising out of the same encounter do not constitute dual punishment. Consequently, Appellant's assertion that the court's interpretation of Section 11 was unforeseeable is unavailing in light of the prior Oklahoma case law. Whether the interpretation by the Oklahoma courts of Section 11 is correct or not is a matter of state law that is not actionable in a habeas proceeding. See Bond v. State of Oklahoma, 546 F.2d 1369 (10th Cir.).
 
 
 14
 As we have previously stated, the law is clear that the offenses to which Appellant pled guilty are elementally distinct, i.e., the same act standing alone cannot prove any two of the three charged offenses, and that there is no evidence of impropriety by the prosecution in naming three separate individuals as victims of Appellant's misconduct.
 
 
 15
 Accordingly, the district court's decision is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3