(No. 67393.—

THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner, v. HON. ROBERT BASTIEN, Judge of the Circuit Court of the 20th Judicial Circuit, *et al.*, Respondents.

*Opinion filed June 19, 1989.*

Neil F. Hartigan, Attorney General, of Springfield, and Gene Gross, State's Attorney, of Pinckneyville (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Nathan P. Maddox, Assistant Attorneys General, of Chicago, of counsel), for the People.

Richard E. White, Chartered, of Murphysboro, for respondent Hon. Robert Bastien.

JUSTICE STAMOS delivered the opinion of the court:

At issue in this case, which is before us on the State's motion for a supervisory order, is the constitutionality of section 106A—2 of the Illinois Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 106A—2). Section 106A—2 provides that in a child sexual abuse case, the trial court may order that the child's "oral statement or testimony" be recorded on videotape. The videotape is admissible at trial if, among other things, the child is available to testify at trial. We hold that the challenged provision is unconstitutional.

## BACKGROUND

In the underlying case, defendant, Steven E. Morris, is charged with three counts of aggravated criminal sexual assault. On February 5, 1988, the State filed in the circuit court a motion to record testimony pursuant to section 106A—2, requesting leave to record the minor victim's testimony on videotape.

The trial court denied the motion on the grounds that the statute violates defendant's rights of confrontation and due process as guaranteed by the sixth and fourteenth amendments to the United States Constitution. Among the written reasons given by the court for denying the motion are the following. The defendant's inability, under the statute, to cross-examine the witness con-

temporaneously with the witness' direct testimony denies defendant his right to confront his accuser. The opportunity to cross-examine the witness at trial, which may take place months after the videotaping, is not an adequate safeguard of the right to confrontation. The State may be able to introduce its evidence twice, first by showing the videotape, and again when the child is called to testify. Finally, the statute does not specify upon what basis the State's motion to utilize the statute may be granted.

On June 13, 1988, the trial court denied the State's motion for reconsideration, and in its order denying that motion, stated that in addition to the Federal Constitution, provisions of the Illinois Constitution also justified denial of the motion to record testimony.

The State then filed in this court a motion for leave to file a motion for supervisory order. Named as respondents are the defendant in the underlying case, Steven Morris (respondent), and the trial court judge, the Honorable Robert Bastien, judge of the circuit court of the 20th Judicial Circuit (trial court). Respondent filed objections to the motion for supervisory order. On September 14, 1988, this court entered an order setting the motion for supervisory order for briefing and staying proceedings in the underlying prosecution pending disposition of the supervisory order motion. Respondent filed briefs in this court supporting the trial court's order declaring the statute unconstitutional.

## THE ILLINOIS VIDEOTAPE STATUTE

Section 106A–2 of the Code of Criminal Procedure provides in full:

> "(a) Upon motion of the State at any time before the trial of the defendant begins, the court may order that a child's oral statement or testimony be recorded. The recording shall be made in the presence of the court, the

attorneys for the defendant and for the prosecution, and, in addition, may be made in the presence of the operator of the recording equipment, necessary security personnel, and any person who, in the court's discretion would contribute to the welfare and well-being of the child. The defendant shall be permitted to be present at the making of the recording. Only the attorney for the prosecution or the court may question the child. The court shall rule on evidentiary objections of the attorney for the defendant.

(b) The recording, or portions of the recording, may be admissible into evidence upon motion of either the State or the defendant, provided:

1) the recording is both visual and aural and is recorded on film or video tape or by other electronic means;

2) the recording equipment was capable of making an accurate recording, the operator of the equipment was competent, and the recording is accurate and has not been altered;

3) every voice on the recording and every person present at the making of the recording is identified;

4) the statement was not made in response to questioning calculated to lead the child to make a particular statement;

5) the defendant or the attorney for the defendant is afforded the opportunity to view the recording before it is offered into evidence;

6) the child is available to testify at trial; and

7) the defendant or the attorney for the defendant is afforded the opportunity to cross examine the child at trial." Ill. Rev. Stat. 1987, ch. 38, par. 106A—2.

Section 106A—1 (Ill. Rev. Stat. 1987, ch. 38, par. 106A—1) provides that section 106A—2 applies only to proceedings in the prosecution of certain specified sexual offenses alleged to have been committed against a child 12 years of age or younger.

To summarize, section 106A—2 provides for the following. The court may, upon the State's motion, order that the child victim's "statement or testimony" be

videotaped; the attorneys for both sides, the defendant, and the court must be present; the prosecutor or the court may question the child, but may not use leading questions. The videotape may be admissible at trial, provided the witness is available to testify at trial, and the defendant is afforded the opportunity to cross-examine the witness at trial. The statute specifically does not permit the defendant to cross-examine the witness at the videotaping. The statute is silent on the following matters, among others: upon what basis the court shall allow the State's motion to use the videotape procedure; who is to call the witness at trial and when; and whether the State may question the witness on direct examination in addition to offering the videotape into evidence.

Respondent contends, first, that the statute violates his right to confront the witnesses against him, as guaranteed by the United States and Illinois Constitutions (U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8), in that the statute prohibits cross-examination at the videotaping. The State responds that contemporaneous cross-examination is not constitutionally required. Second, respondent contends that the statute violates due process (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2) in that it deprives him of a fair trial. The State contends that respondent's due process challenge is not properly before this court because respondent lacks standing and the issue is not ripe for review. We will assume, as the parties have, but without deciding the point, that the Illinois constitutional provisions at issue are to be construed the same as their counterparts in the Federal Constitution.

## CONFRONTATION CLAUSE CHALLENGE

### A. Child Shield Statutes

In response to the increased awareness of the prob-

lem of sexual abuse of children, many States in recent years have enacted legislation, commonly termed child shield statutes, which permits victims of sexual abuse to testify by prerecorded videotape, by closed circuit television, or from behind a screen or similar device. (See generally Note, *The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations*, 98 Harv. L. Rev. 806 (1985) (hereinafter Note, *The Testimony of Child Victims*); Note, *The Revision of Article 38.071 After Long v. State: The Troubles of a Child Shield Law in Texas*, 40 Baylor L. Rev. 267, 289-90 & nn.143, 144 (1988) (collecting statutes).) The purpose of these statutes is twofold: to protect the child witness from the potential trauma of testifying in open court, and to overcome some of the problems inherent in prosecuting a crime in which, typically, the only witness is the child victim who is frightened, forgetful, unable to specify dates or times, easily confused by cross-examination, and may be declared incompetent to testify. See Note, *The Testimony of Child Victims*, 98 Harv. L. Rev. at 806-08.

In addition to statutes utilizing new technologies in cases of child sexual abuse, many States, including Illinois, have enacted statutes creating new exceptions to the rule against hearsay. Section 115—10 of the Code of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38, par. 115—10) allows the victim and others, under certain circumstances, to testify to out-of-court statements made by the victim concerning the alleged abuse. Section 115—13 of the Code of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38, par. 115—13) provides that in certain sex offense cases, statements made by the victim to medical personnel for purposes of medical diagnosis or treatment shall be admitted as an exception to the hearsay rule. See generally Note, *The Testimony of Child*

*Victims*, 98 Harv. L. Rev. 806, 811-13, 817-22 (analyzing hearsay statutes).

## B. *Coy v. Iowa*

The United States Supreme Court recently addressed a provision of the Iowa child shield statute in *Coy v. Iowa* (1988), 487 U.S. 1012, 101 L. Ed. 2d 857, 108 S. Ct. 2798. In *Coy,* the defendant was charged with sexually assaulting two 13-year-old girls. Pursuant to statute, the trial court, upon the State's motion, approved the use of a large screen to be placed between the defendant and the witness stand during the girls' testimony. (Iowa Code §910A.14 (1987).) After certain lighting adjustments were made in the courtroom, the screen enabled defendant dimly to perceive the witnesses, but the witnesses could not see defendant at all.

At issue in *Coy* was not the right to cross-examination, which the Court stated was an implicit right of the confrontation clause, but rather the right to face-to-face confrontation, a right explicitly set forth in the confrontation clause. (487 U.S. at 1019-20, 101 L. Ed. 2d at 866, 108 S. Ct. at 2802.) The Court held that the use of the screen was unconstitutional, stating that "[i]t is difficult to imagine a more obvious or damaging violation of the defendant's right to a face-to-face encounter." 487 U.S. at 1020, 101 L. Ed. 2d at 866, 108 S. Ct. at 2802.

The Court expressly left open the question whether any exceptions to the right to face-to-face confrontation exist. (487 U.S. at 1021, 101 L. Ed. 2d at 866, 108 S. Ct. at 2803.) If any exceptions exist, they would be allowed only when necessary to further an important public policy. The State in *Coy* argued that such necessity was established by the statute itself, which created a legislatively imposed presumption of trauma. The Court rejected the notion that such a generalized finding of necessity is sufficient to justify an exception to the

defendant's constitutional right to face-to-face confrontation, at least where the exception is not firmly rooted in the Court's jurisprudence. The exception created by the new Iowa statute, the Court noted, certainly is not a firmly rooted exception. The Court concluded that since there were "no individualized findings that these particular witnesses needed special protection, the judgment here could not be sustained by any conceivable exception." 487 U.S. at 1021, 101 L. Ed. 2d at 867, 108 S. Ct. at 2803.

Since *Coy* was decided, several States have addressed their child shield statutes. Compare *Arizona v. Vincent* (Ariz. 1989), 768 P.2d 150 (*en banc*) (upholding constitutionality of videotape statute, although reversing conviction on ground statute was unconstitutionally applied); *Perez v. State* (Fla. 1988), 536 So. 2d 206 (hearsay statute upheld); *Glendening v. State* (Fla. 1988), 536 So. 2d 212 (application of hearsay statute, in conjunction with videotape statute, held constitutional); *State v. Davis* (1988), 229 N.J. Super. 66, 550 A.2d 1241 (closed circuit television procedure upheld); *Craig v. State* (1988), 76 Md. App. 250, 544 A.2d 784 (same), *cert. granted* (1988), 314 Md. 458, 550 A.2d 1168, with *State v. Eastham* (1988), 39 Ohio St. 3d 307, 530 N.E.2d 409 (closed circuit television procedure held unconstitutional in the absence of particularized findings concerning necessity of procedure); see also *Lam v. State* (8th Cir. 1988), 860 F.2d 873 (in burglary prosecution, admission of videotaped testimony of victim held unconstitutional where reason for victim's absence from trial was a vacation trip; error held harmless).

However, the foregoing decisions, as well as others decided prior to *Coy* (see, *e.g.*, *State v. Johnson* (1986), 240 Kan. 326, 729 P.2d 1169 (upholding videotape statute); *Commonwealth v. Willis* (Ky. 1986), 716 S.W.2d 224 (upholding statute authorizing use of videotape or

closed circuit television)), provide us with little guidance because the statutes at issue, and the constitutional right implicated, differ from the situation presented by the case at bar. The salient features of the videotape statutes at issue in *Glendening* and *Vincent*, which are typical of the statutes adopted by most States that have this type of statute, are as follows. The videotaped testimony of the witness is admissible at trial in lieu of the live testimony of the witness; the defendant must be given an opportunity to cross-examine the witness during the videotaping; and the defendant is able to view the videotaping and hear the child witness, but the defendant is not in the same room with the witness. Thus the constitutional right implicated when this procedure is employed is the right to face-to-face confrontation.

After *Coy*, it is clear that such a procedure, which shields the child witness from facing the defendant during the testimony, is constitutionally acceptable, if at all, only if there is an individualized finding that the witness is in need of such protection. (See *Coy*, 487 U.S. at 1021, 101 L. Ed. 2d at 867, 108 S. Ct. at 2803.) The Florida statute at issue in *Glendening* expressly requires that the court make such a finding. (See *Glendening*, 536 So. 2d at 215-16.) The supreme court of Arizona in *Vincent* construed the Arizona statute as requiring such a finding, holding that the State must show that face-to-face testimony would so traumatize a child witness as to prevent the child from reasonably communicating. The court further held that such a finding is equivalent to a finding of unavailability within the meaning of *Ohio v. Roberts* (1980), 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531, and justifies the use of the videotaped testimony in lieu of live testimony at trial. *Vincent*, 768 P.2d at 164.

The Illinois statute differs from the Florida and Arizona statutes in the following ways. Under our statute, the videotaped testimony is admissible only if the wit-

ness is available to testify at trial; the defendant is not permitted to cross-examine the witness during the videotaping, but must be permitted to do so at the trial; and during the videotaping, the witness and the defendant are physically present in the same room and can see and hear each other. Thus the right implicated under our statute is the right to cross-examination, not the right to face-to-face confrontation.

### C. California v. Green

The parties agree that the key issue in the confrontation clause challenge to the Illinois statute is whether the confrontation clause guarantees an accused the right to contemporaneous cross-examination. The State, relying on *California v. Green* (1970), 399 U.S. 149, 26 L. Ed. 2d 489, 90 S. Ct. 1930, contends that contemporaneous cross-examination is not constitutionally required.

Before turning to a discussion of *Green*, we think it appropriate to identify the nature of the videotaped testimony authorized by our statute. Although the legislature appears not to have recognized it as such, the videotape is pure hearsay, since it is an out-of-court statement offered to prove the truth of the matter asserted. See Note, *The Testimony of Child Victims*, 98 Harv. L. Rev. at 813 (noting that the texts of videotape statutes enacted by various States reveal little recognition that videotaped statements are hearsay); see also *Long v. State* (Tex. Crim. App. 1987), 742 S.W.2d 302, 328 (Teague, J., concurring) (accurately characterizing videotape made pursuant to statute as an out-of-court hearsay videotape interview).

Our research reveals no exception to the rule against hearsay recognized by Illinois which would allow the introduction of such hearsay. Similarly, the videotape apparently would not be admissible under the Federal Rules of Evidence. (See Fed. R. Evid. 803 (providing for

exceptions to the rule against hearsay even though the declarant is available to testify).) Our legislature, of course, is free to enact exceptions to the hearsay rule, and our only concern is whether such an exception comports with constitutional guarantees.

The Supreme Court has made clear that the scope of the confrontation clause is not coextensive with the rules of hearsay and their exceptions. The violation of a long-established hearsay rule does not necessarily mean a constitutional right has been violated, nor does the admission of a statement under an exception preclude a finding of unconstitutionality. (*Green*, 399 U.S. at 156, 26 L. Ed. 2d at 495-96, 90 S. Ct. at 1934.) However, hearsay rules and the confrontation clause protect similar values. Thus "the modification of a State's hearsay rules to create new exceptions for the admission of evidence against a defendant, will often raise questions of compatibility with the defendant's constitutional right to confrontation." (*Green*, 399 U.S. at 156, 26 L. Ed. 2d at 496, 90 S. Ct. at 1934.) Illinois' videotape statute plainly is a new exception to the general rule against the admission of hearsay evidence against a defendant.

Similarly, the statute at issue in *California v. Green* was a new exception to the rule against hearsay adopted in California. The statute provided that the prior inconsistent statement of a witness is admissible at trial as substantive evidence. (Cal. Evid. Code §1235 (Deering 1966).) The Supreme Court explained that in an earlier decision, *People v. Johnson* (1968), 68 Cal. 2d 646, 441 P.2d 111, 68 Cal. Rptr. 599, the California Supreme Court held that prior statements of a witness that were not subject to cross-examination when originally made could not be introduced under section 1235 to prove the charges against a defendant without violating the defendant's right to confrontation. (399 U.S. at 150, 26 L. Ed. 2d at 492, 90 S. Ct. at 1931.) In the *Green* case,

the California Supreme Court applied the same ban to a prior statement of a witness made at a preliminary hearing, under oath and subject to full cross-examination by an adequately counseled defendant. The Court reversed this holding of the California Supreme Court "for two reasons, one of which involves rejection of the holding in *People v. Johnson.*" 399 U.S. at 151, 26 L. Ed. 2d at 493, 90 S. Ct. at 1931.

We find that the holding in *Green* does not govern the issue raised by the case at bar. Furthermore, the Supreme Court's analysis in *Green*, rather than supporting the State's position, undermines it.

Part II of the *Green* opinion, in which the Supreme Court explained its basis for rejecting the holding in *Johnson*, is the only portion of the opinion that is even arguably applicable to the case at bar. In that portion of the opinion, the Court addressed out-of-court statements that were *not* subject to cross-examination when made. The Court concluded that the admission of the out-of-court statement in the *Green* case did not violate the confrontation clause. And this would have been true, according to the Court, even if the statement had not been subject to cross-examination at the time it was made, because the declarant was available to testify at trial. *Green*, 399 U.S. at 158, 26 L. Ed. 2d at 497, 90 S. Ct. at 1935.

The crucial difference, however, between the out-of-court statement in *Green* and the out-of-court videotaped statement in the case at bar is that in *Green* the statement was a prior inconsistent statement. It is clear that the nature of the statement at issue was critical to the Court. In a passage most pertinent to the case at bar, the Court stated:

> "The main danger in substituting subsequent for timely cross-examination seems to lie in the possibility that the witness' '[f]alse testimony is apt to harden and become

unyielding to the blows of truth in proportion as the witness has opportunity for reconsideration and influence by the suggestions of others, whose interest may be, and often is, to maintain falsehood rather than truth.' *State v. Saporen*, 205 Minn. 358, 362, 285 N.W. 898, 901 (1939). That danger, however, disappears when the witness has changed his testimony so that, far from 'hardening,' his prior statement has softened to the point where he now repudiates it." 399 U.S. at 159, 26 L. Ed. 2d at 497-98, 90 S. Ct. at 1935-36.

The danger identified by the Supreme Court is precisely the danger presented by the delayed cross-examination authorized by the challenged statute. It is quite possible that the videotaping and the trial will take place months apart. During that time, the child undoubtedly will have contact with the prosecutor and relatives who, consciously or unconsciously, may influence the child. We are convinced that the statute, by prohibiting contemporaneous cross-examination, unnecessarily and impermissibly infringes on an accused's right of confrontation. See also *Long v. State* (Tex. Crim. App. 1987), 742 S.W.2d 302 (holding unconstitutional the then-applicable Texas videotape statute, upon which the Illinois statute was patterned, on similar grounds); Comment, *The New Illinois Videotape Statute in Child Sexual Abuse Cases: Reconciling the Defendant's Constitutional Rights with the State's Interest in Prosecuting Offenders*, 22 J. Marshall L. Rev. 331, 352-53 (and accompanying notes) (1988) (relying on the quoted portion of *Green* to conclude that the Illinois statute violates the right of confrontation).

Other decisions of the Supreme Court, while not directly on point, support our conclusion that the statute impermissibly infringes on respondent's right to cross-examination. In *United States v. Inadi* (1986), 475 U.S. 387, 89 L. Ed. 2d 390, 106 S. Ct. 1121, the Court addressed the right to cross-examination in the context of

co-conspirator statements. The Court contrasted cases involving former testimony with cases involving co-conspirator statements. (475 U.S. at 394, 89 L. Ed. 2d at 398, 106 S. Ct. at 1126.) The Court concluded that a showing that the witness is unavailable is not required for the admissibility of co-conspirator statements. In reaching this conclusion, the Court explained the rationale for the unavailability rule in former testimony cases, by stating that former testimony:

> "is intended to replace live testimony. If the declarant is available and the same information can be presented to the trier of fact in the form of live testimony, with full cross-examination and the opportunity to view the demeanor of the declarant, there is little justification for relying on the weaker version. When two versions of the same evidence are available, longstanding principles of the law of hearsay, applicable as well to Confrontation Clause analysis, favor the better evidence." 475 U.S. at 394, 89 L. Ed. 2d at 398, 106 S. Ct. at 1126.

We think the same rationale applies to the case at bar. Under the terms of the statute, the child witness *must* be available to testify and to submit to cross-examination at trial; thus, "there is little justification for relying on the weaker version"—the videotaped statement. And this is particularly true where the statute, although its permissive language indicates that the trial court has discretion in allowing use of the videotape procedure, does not expressly require the State to demonstrate any necessity for the procedure.

In *Perry v. Leeke* (1989), 488 U.S. 272, 102 L. Ed. 2d 624, 109 S. Ct. 594, the Court held that a defendant's sixth amendment right to the assistance of counsel was not violated by a trial court's order, entered after defendant's direct testimony and before cross-examination, directing the defendant not to consult with his attorney during a 15-minute recess. In reaching its hold-

ing, the Court observed that the truth-seeking function may be impeded by permitting a witness to consult with his attorney under these circumstances, because this gives the witness an opportunity to regroup and regain his poise. "Cross-examination often depends for its effectiveness on the ability of counsel to punch holes in a witness' testimony at just the right time, in just the right way. \*\*\* [C]ross-examination of a witness who is uncounseled between direct examination and cross-examination is more likely to lead to the discovery of truth than is cross-examination of a witness who is given time to pause and consult with his attorney." (488 U.S. at ___, 102 L. Ed. 2d at 635, 109 S. Ct. at 601.) We think that the challenged statute frustrates the truth-seeking function of the confrontation clause for much the same reasons articulated by the Court in *Inadi*.

Moreover, we are troubled by the fact, which the State conceded at oral argument, that if this statute passes constitutional muster, there is no reason why[4] the videotape procedure it authorizes may not be used for other witnesses—for example, the elderly or handicapped. The highest court of Massachusetts, striking down a statute authorizing testimony outside the physical presence of the defendant in child sexual abuse cases, recognized this problem. (*Commonwealth v. Bergstrom* (1988), 402 Mass. 534, 524 N.E.2d 366.) The court rejected the view that special rules can be developed for certain classes of crimes or certain classes of witnesses. It pointed out that for constitutional purposes, no principled distinction can be drawn between child witnesses and any other class that the legislature might think is in need of special protection. The Massachusetts statute, it concluded, created a rule of witness protection that was too broad to withstand constitutional scrutiny. 402 Mass. at ___ & nn.13, 14, 524 N.E.2d at 374 & nn.13, 14.

For the foregoing reasons, we hold that section 106A—2 of the Illinois Code of Criminal Procedure violates respondent's right to confrontation guaranteed by the United States and Illinois Constitutions. In light of this disposition, we need not address respondent's contention that the statute also violates his constitutional right to due process. The State's motion for supervisory order is denied.

*Supervisory order denied.*