Steven Wayne **FERRELL,** Petitioner,

v.

The **STATE** of Oklahoma, Respondent.

No. PC 94–42.

Court of Criminal Appeals of Oklahoma.

Sept. 15, 1995.

### ORDER AFFIRMING DENIAL OF POST CONVICTION RELIEF

Petitioner has appealed to this Court from an order of the District Court of Oklahoma County denying his application for post-conviction relief in Case No. CRF–86–4855. In that case, Petitioner was convicted by a jury

of First Degree Rape (Counts I, II, VII, and VIII); Forcible Sodomy (Counts III, IV, V and VI); and Indecent or Lewd Acts With a Child Under Sixteen (Count IX). He was sentenced to ninety-nine (99) years in prison on each rape count, twenty (20) years in prison on each sodomy count, and twenty (20) years in prison on the indecent acts count, with the sentences to run concurrently.

Petitioner appealed his Judgment and Sentence to this Court and for the first time challenged the introduction of a video taped interview of the child victim as plain error based upon an argument that the video tape was cumulative to the child victim's live testimony at trial and the probative value of the tape was outweighed by its prejudicial effect on the jurors. Petitioner also claimed in his direct appeal that the sentences imposed upon him by the District Court were excessive. Petitioner's arguments were rejected and his Judgment and Sentence was affirmed. *Ferrell v. State*, F–87–740 (Okl.Cr. April 26, 1989) (Memorandum Opinion, not for publication).

Before addressing Petitioner's post-conviction application, this Court directed the Respondent, the State of Oklahoma, by and through the Oklahoma Attorney General's office, to respond to the application. After the State's response was filed, Petitioner requested and was granted leave to file a brief in reply to the State's response.

Petitioner asserts two grounds for relief in this post conviction proceeding. Petitioner's first proposition of error again complains that the trial court erred by admitting into evidence, under 22 O.S.Supp.1986, § 752, a video-taped interview of the child victim. Petitioner claims that *Burke v. State*, 820 P.2d 1344 (Okl.Cr.1991) is a subsequent change of law that must be applied to his case. Petitioner's second proposition complains that the trial court erred by failing to conduct a reliability hearing concerning statements made by the child victim as required by 12 O.S.Supp.1986, § 2803.1. Petitioner initially claimed either that *Kennedy v. State*, 839 P.2d 667 (Okl.Cr.1992) was new law that must be applied to his case, or that ineffectiveness of trial and appellate counsel

provide sufficient reasons to allow him to raise the issue in this post-conviction proceeding. In the reply brief, Petitioner concedes that *Kennedy* is not new law.

■ In the first step of the analysis of the first proposition of error, we agree with Petitioner, and disagree with the State, that the *Burke* decision is a change in the law. Neither party has cited Oklahoma authority, and we have found none, that specifically establishes guidelines for determining exactly when a decision constitutes a change in the law. This Court has cited with approval the precepts of *Teague v. Lane*, 489 U.S. 288, 301, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334, 349 (1989). *Thomas v. State*, 888 P.2d 522, 527 (Okl.Cr.1994). *Teague* provides that a case announces a new rule when it breaks new ground or imposes a new obligation on the States or Federal Government, or, to put it differently, when the result was not *dictated* by precedent existing at the time the defendant's conviction became final. *Teague, supra* (emphasis in original). *Burke* was not dictated by existing precedent and broke new ground by imposing an obligation on prosecutors not to admit evidence under 22 O.S.Supp.1986, § 752. Therefore, *Burke* announced a new rule.

■ However, even though announcing a new rule, if *Burke* should only be given prospective effect, Petitioner obviously cannot use it as the basis of his post-conviction application. 22 O.S.1991, § 1086. It is a general rule of law in Oklahoma that decisions of the highest court are prospective in application unless specifically declared to have retroactive effect. *Walton v. State*, 565 P.2d 716, 718 (Okl.Cr.1977). *Burke* was not declared to have retroactive effect. Moreover, even if a change in the law rises to constitutional dimensions, a petitioner is not necessarily entitled to retroactive application of the change, especially on collateral review. *Smith v. State*, 878 P.2d 375, 377–78 (Okl.Cr. 1994), *see also Nguyen v. State*, 879 P.2d 148, 149 (Okl.Cr.1994).

■ As a general rule, the United States Supreme Court does not apply a new rule retroactively to defendants on collateral review. *Teague*, 489 U.S. at 310, 109 S.Ct. at

1075. Two exceptions to this general rule allow retroactive application of a new rule on collateral review if (i) it places certain kinds of primary conduct beyond the power of the criminal law-making authority to proscribe, or (ii) if it requires the observance of those procedures that are implicit in the concept of ordered liberty. *Id.* The general rule in *Teague* and the limited exceptions are based upon the purposes for collateral review and the concept of finality. Application of new constitutional rules to final cases, whose trials and appeals conformed to then-existing constitutional standards, would seriously undermine the principle of finality, without which the criminal law is deprived of much of its deterrent effect. *Teague,* 489 U.S. at 309–10, 109 S.Ct. at 1074–75. Moreover, the purposes of collateral review would not be served, and no one affected by the criminal justice system would be benefited, if a final criminal conviction were subjected to fresh litigation tomorrow and every day thereafter. *Id.*

The *Burke* decision does not place certain kinds of primary conduct beyond the power of the criminal law-making authority to proscribe. Moreover, *Burke* is not a watershed decision that would require the observance of those procedures that are implicit in the concept of ordered liberty. In fact, *Burke* involves an error in the trial process itself, rather than a structural defect affecting the framework within which a trial proceeds, that is subject to harmless error analysis. *Bartell v. State,* 881 P.2d 92, 99 (Okl.Cr.1994).

Petitioner cites *Stewart v. State,* 495 P.2d 834 (Okl.Cr.1972) and *Stafford v. State,* 815 P.2d 685 (Okl.Cr.1991) as cases where this Court has allowed a petitioner to raise newly decided issues in post-conviction proceedings. However, *Stewart* involved denial of the right to counsel, an error that infects the entire criminal trial mechanism and a right so basic it defies harmless error analysis. *See Bartell,* 881 P.2d at 97, 98. *Stafford* involved imposition of the death penalty and the failure to channel and limit the sentencer's discretion in doing so. The United States Supreme Court had found such errors to violate fundamental constitutional requirements and central tenets of Eighth Amendment law.

*Maynard v. Cartwright,* 486 U.S. 356, 362, 108 S.Ct. 1853, 1858, 100 L.Ed.2d 372 (1988). The error dealt with in *Burke* is not of similar stature and does not necessarily undermine confidence in the validity of the conviction.

■ In support of his second proposition, Petitioner claims that both his trial and appellate counsel were ineffective, because he did not receive the reliability hearing required by 12 O.S.Supp.1986, § 2803.1, providing sufficient reason to allow him to assert the issue in this post-conviction application. Petitioner contends he meets the two-pronged *Strickland* test. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He claims counsel fell below an objective standard of reasonableness because counsel would have known to raise the issue of a reliability hearing just by reading Section 2803.1. He claims the deficient performance prejudiced the defense because, if requested, the hearing would have been held.

Petitioner has not established that the performance by his counsel was unreasonable or that his defence was prejudiced. He must establish more than the probability the hearing would have been held. He must demonstrate the resulting prejudice caused by the failure to conduct the reliability hearing. *See e.g. Perry v. State,* 853 P.2d 198, 202–03 (Okl.Cr.1993). Petitioner has not demonstrated how conducting the reliability hearing would have sufficiently changed his criminal proceedings to result in prejudice. Therefore, he has not stated sufficient reasons to allow this issue to be the basis of his post-conviction application. 22 O.S.1991, § 1086.

In accordance with the foregoing, this Court finds that the order of the District Court of Oklahoma County denying his application for post-conviction relief in Case No. CRF–86–4855 should be, and is hereby, **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Judge

LANE, J., concurs in result.