**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**APR 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEVEN WAYNE FERRELL,

Petitioner - Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS,

Respondent - Appellee.

No. 98-6298

(W.D. Oklahoma)

(D.C. No. CV-97-672-T)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Steven Wayne Ferrell seeks a certificate of appealability which would enable him to appeal the district court's order and judgment denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We deny Ferrell's request for a certificate of appealability and dismiss his appeal.

## BACKGROUND

Ferrell was convicted in 1987 of four counts of Rape, four counts of Forcible Sodomy, and one count of Indecent or Lewd Acts with a Child under Sixteen, and was sentenced to a term of 99 years' imprisonment. At his trial, the first witness was the alleged victim, Ferrell's daughter, who told the jury that Ferrell had sexually molested her on numerous occasions. Toward the end of the presentation of their case, while questioning a social worker who had interviewed the alleged victim, prosecutors introduced into evidence a videotape of the interview between the social worker and Ferrell's daughter. Ferrell's attorney did not object to the admission of the videotaped interview. In this interview, the alleged victim largely repeated the allegations against Ferrell set forth in her live trial testimony, although Ferrell contends that there are "discrepancies" between her testimony at trial and her testimony in the interview. Appellant's Br. at 6-7.

The videotape, which was played for the jury in its entirety, was admitted into evidence pursuant to Okla. Stat. Ann. tit. 22, § 752 (West 1987), which, at the time of Ferrell's trial, stated in relevant part as follows:

B.    The recording of an oral statement of [a child 12 years of age or younger who is the victim of a crime] made before the proceedings begin is admissible into evidence if:

1. The court determines that the time, content and circumstances of the statement provide sufficient indicia of reliability;
2. No attorney for any party is present when the statement is made;
3. The recording is both visual and aural and is recorded on film or videotape, or by other electronic means;
4. The recording equipment is capable of making an accurate recording, the operator of the equipment is competent and the recording is accurate and has not been altered;
5. The statement is not made in response to questioning calculated to lead the child to make a particular statement or is clearly shown to be the child's statement and not made solely as a result of a leading or suggestive question;
6. Every voice on the recording is identified;
7. The person conducting the interview of the child in the recording is present at the proceeding and is available to testify or be cross-examined by any party;
8. Each party to the proceeding is afforded an opportunity to view the recording at least ten (10) days before trial, unless such time is shortened by leave of court for good cause shown; and
9. The child either:
   a. testifies at the proceedings, or
   b. is unavailable as defined in Title 22 as a witness. When the child is unavailable as defined in Title 22 as a witness, such recording may be admitted only if there is corroborating evidence of the act.

Ferrell was subsequently convicted by the jury, and his direct appeal of these convictions was denied by the Oklahoma Court of Criminal Appeals on April 26, 1989; Ferrell did not petition the Oklahoma Supreme Court for a writ of certiorari. On direct appeal, he did not claim that his Sixth Amendment rights were violated by the introduction of the videotape.

Two years after Ferrell's direct appeal was denied, the Oklahoma Court of Criminal Appeals, in an unrelated case, declared that Okla. Stat. Ann. tit. 22, § 752 was violative of the Sixth Amendment's Confrontation Clause and unconstitutional on its face. Burke v. State, 820 P.2d 1344, 1348 (Okla. Crim. App. 1991). The Oklahoma Legislature subsequently repealed the statute. Okla. Laws 1993, ch. 197, § 4.

After Burke was handed down, Ferrell initiated state post-conviction proceedings, arguing for the first time that his Sixth Amendment rights were infringed by the admission of the videotape. In his papers supporting his petition for state post-conviction relief, Ferrell acknowledged that he had not raised the issue on direct appeal, and that ordinarily this would bar him from raising the issue in a collateral attack on his conviction. However, he argued that Burke was a "subsequent change in [the] law" which fit within the "new law" exception to the procedural bar rules. Appellant's App. at 51-52.

The state district court denied his application on December 9, 1993, and the Oklahoma Court of Criminal Appeals affirmed the state district court's decision on September 15, 1995. Ferrell v. State, 902 P.2d 1113 (Okla. Crim. App. 1995). The state appellate court agreed with Ferrell that the rule announced in Burke amounted to a "change in the law," and ruled that Ferrell was not procedurally barred from raising the issue. Id. at 1114. However, the court ruled that, under the doctrine of Teague v. Lane, 489 U.S. 288 (1989), Burke "announced a new rule" and was therefore only to be applied prospectively to post-conviction appeals. Ferrell, 902 P.2d at 1114-15.

Ferrell, who has been represented by counsel at every stage of his judicial proceedings, then filed a petition seeking a writ of habeas corpus in federal district court. His petition alleged two grounds for relief: that the introduction of the videotape violated his Sixth Amendment right to confront and cross-examine his accusers, and that, because the alleged victim also testified in person at trial, the introduction of the videotape was prejudicial and cumulative.

The district court assigned Ferrell's case to a magistrate judge, who issued a report recommending that the district court deny Ferrell's petition. The district court adopted the magistrate judge's disposition of the case, reasoning that the rule announced in Burke was a new rule not dictated by precedent at the time Ferrell's conviction became final, and therefore would not be applied

retroactively in Ferrell's post-conviction appeal. The district court also held that Ferrell's case did not fit within either of the exceptions to the nonretroactivity principles of  Teague . Finally, the district court held that, even if the rule announced in  Burke  were not new, any error in Ferrell's trial was harmless in any event.

Ferrell now appeals the decision of the district court, arguing only that the rule announced in  Burke  was dictated by existing precedent and thus is applicable to his post-conviction appeal, and that the error which allegedly infected his trial was not harmless.

**DISCUSSION**

To receive federal habeas relief from a disposition of a claim on a question of law adjudicated by a state court, a petitioner must demonstrate that the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Here, Ferrell argues that his state trial was tainted by the admission of videotaped evidence in violation of his Sixth Amendment right to confront and cross-examine his accusers. At the time of his state trial, however, the Oklahoma state statute, § 752, allowed the admission of such videotaped evidence, and, as petitioner

admits, there was no case (until 1991) directly declaring that the admission of evidence under statutes like § 752 violated constitutional standards. Appellant's App. at 109.

Ferrell also concedes, as he must, that habeas petitioners may not take advantage of "new rules" handed down after their convictions become final. Teague, 489 U.S. at 310 (plurality opinion). However, Ferrell argues that this statute was so far afield that a state court considering the issue at the time his conviction became final would have been compelled by existing Supreme Court precedent to hold that the admission of evidence under the statute was unconstitutional and to hold that his trial was fatally infected with Sixth Amendment violations.

We must determine, then, whether the rule petitioner seeks to have applied in his post-conviction appeal—that the videotape testimony was admitted at his trial, notwithstanding § 752, in violation of his Sixth Amendment rights—was dictated by existing precedent at the time his conviction became final. In making this determination, we employ a three-step analysis. See Caspari v. Bohlen, 510 U.S. 383, 390 (1994). First, we "must ascertain the date on which the defendant's conviction and sentence became final," because "the nonretroactivity principle prevents a federal court from granting habeas corpus relief to a state prisoner based on a rule announced after his conviction and sentence became final." Id. at

389, 390 (emphasis omitted).  Second, we must "survey the legal landscape as it then existed, and determine whether a state court considering the defendant's claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution."  Id. at 390 (citations, internal quotation marks, and alterations omitted).  Finally, even if we consider the rule Ferrell suggests, and announced in Burke , to be a new rule not dictated by existing precedent, we must then "decide whether that rule falls within one of the two narrow exceptions to the nonretroactivity principle."  Id.

The first step is not difficult.  Ferrell's direct appeal was denied on April 26, 1989.  Allowing a 90-day period for Ferrell to petition a higher court for certiorari, it is evident that his conviction and sentence were final on July 25, 1989.

The second step, by contrast, involves a detailed inquiry into the state of the law as it existed in July 1989.  We must decide whether precedent in effect at that time would have  compelled  a state court to reach the same result as the  Burke court reached.  We conclude that such a result would not necessarily have been compelled or dictated by existing precedent. [1]

_____

[1]Both the Oklahoma Court of Criminal Appeals and the federal district court below gave great weight to the Oklahoma statute, intimating that because

(continued...)

As we understand it, the Confrontation Clause rule Ferrell urges on us here, and discussed in Burke, is that contemporaneous cross-examination is required during all videotaped interviews introduced at trial, even where the declarant is available for after-the-fact cross-examination regarding that statement at trial. [2]

---

[1](...continued) Burke declared a statute unconstitutional, it ipso facto must have announced a new rule. See Ferrell, 902 P.2d at 1114 (stating that "Burke . . . broke new ground by imposing an obligation on prosecutors not to admit evidence under [§ 752]"); R. Doc. 11, at 4-5 (district court order stating that § 752 "constituted a presumptively valid exercise of legislative power"). Granting undue deference to a statute oversimplifies the Teague inquiry. A case that, for instance, struck down a state statute that eliminated the right to counsel for criminal defendants would not be announcing a new rule, even though it would be declaring unconstitutional a "presumptively valid exercise of legislative power." The outcome of such a case would indeed be dictated by existing precedent, namely Gideon v. Wainwright, 372 U.S. 335 (1963).

[2]In his appellate brief, Ferrell does not articulate with a great deal of certainty the exact parameters of the rule he urges be applied to his case. He states only that "[e]xisting precedent dictated the conclusion that videotapes were not admissible." Appellant's Br. at 4. This cannot be so, because the Supreme Court held in 1990, based on precedent in place in 1989, that one-way closed circuit testimony by sexual abuse victims did not violate the Confrontation Clause. Maryland v. Craig, 497 U.S. 836 (1990). Indeed, the Court in Craig noted that, at the time, 37 states "permit[ted] the use of videotaped testimony of sexually abused children." Id. at 853 & n.2 (citing state statutes). Thus, any argument that 1989 precedent dictated the result that videotape evidence was categorically not admissible is without merit.

Likewise, we do not consider Ferrell to be arguing for the wholesale application, to his case, of the reasoning set forth in the Burke case. Much of that opinion's reasoning was devoted to a discussion of the unconstitutionality of admitting evidence pursuant to § 752's unavailability prong. In Ferrell's trial, the alleged victim was available to testify at trial, and indeed did testify at trial. Thus, any application to this federal habeas case of Burke's reasoning regarding

(continued...)

See Burke, 820 P.2d at 1348 (stating that "[i]t would be far easier to elicit favorable testimony from a child with only a detective, social worker or other type of skilled questioner propounding questions without any confrontation or cross-examination" and that "[w]e should not allow the State to present a tape made with one-sided questions, by an expert questioner, who could coach, lead and gain the required result . . . ").

While Ferrell's suggested rule has some support in precedent in existence in 1989, we cannot conclude that it was " dictated by [such] precedent." Teague, 489 U.S. at 301 (plurality opinion). Announcements of "gradual developments in the law over which reasonable jurists may disagree" constitute new rules under Teague. Sawyer v. Smith, 497 U.S. 227, 234 (1990). Certainly, there was support in pre-1989 Supreme Court precedent for the conclusion, adopted by Burke and urged on us here, that contemporaneous cross-examination is required even when the declarant is available. See, e.g., People v. Bastien, 541 N.E.2d 670, 676 (Ill. 1989) (citing California v. Green, 399 U.S. 149 (1970)). However,

---

[2](...continued)
§ 752's unavailability prong would be meaningless.

Thus, we construe Ferrell's brief as urging the application of the rule that even where the declarant is available to testify at trial and be cross-examined regarding the out-of-court interview, the admission of the interview violates the Confrontation Clause unless the defendant had opportunity to contemporaneously cross-examine the declarant at the interview.

other courts have cited the same pre-1989 case in support of the opposite proposition. See, e.g., Carson v. Collins, 993 F.2d 461, 464 (5th Cir. 1993) (citing Green and another pre-1989 Supreme Court case, and stating that "[t]he Supreme Court has noted that introduction of out-of-court statements, even if unreliable, does not violate the confrontation clause where the declarant testifies at trial subject to full and effective cross-examination"). Indeed, the very fact that there is a bona fide debate on the matter, and that both sides of the debate cite the same pre-1989 case in support of their respective positions, points to the conclusion that deciding the issue as Burke did would involve the announcement of a new rule for Teague purposes.

Thus, we conclude that if a court faced with this issue in 1989 had decided, like the Oklahoma Court of Criminal Appeals did in Burke, that the Confrontation Clause requires contemporaneous cross-examination during videotaped out-of-court statements introduced at trial, even when the declarant was available at trial for cross-examination regarding the statements, that court would have been announcing a new rule not dictated by existing precedent. Under Teague, new rules are not applicable to post-conviction appeals unless one of the two exceptions set forth in that case applies. In this case, Ferrell does not argue on appeal that either of the Teague exceptions applies. Therefore, Ferrell may not avail himself of the rule handed down in Burke.

-11-

In any event, we agree with the district court that, even if Ferrell's argument that constitutional error occurred in this case was not barred by Teague, any error which occurred at his trial was harmless. Confrontation Clause violations are "subject to harmless error analysis" on habeas, Crespin v. New Mexico, 144 F.3d 641, 649 (10th Cir.), cert. denied, 119 S. Ct. 378 (1998), and such errors are harmless unless the error "had substantial and injurious effect or influence in determining the jury's verdict," Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (citation omitted). To obtain habeas relief, the petitioner must show that the error "resulted in actual prejudice." Id. (citation omitted).

As the magistrate judge correctly pointed out in his report and recommendation, R. Doc. 9 at 6-8, Ferrell cannot make this showing. In addition to the alleged victim's detailed testimony that Ferrell had sexually assaulted her on several occasions, and evidence that the alleged victim had indeed been at the locations where she claimed the assaults occurred, there was clear physical evidence of sexual abuse in this case. In light of the corroborating evidence detailed by the magistrate judge, we are unable to conclude that Ferrell was "actual[ly] prejudiced" by the introduction of a videotaped interview to which he did not even object.

Accordingly, we DENY Ferrell's request for a certificate of appealability and DISMISS his appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge