STATE ex rel. DISTRICT ATTORNEY v. WALLACE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. DISTRICT ATTORNEY v. WALLACE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. DISTRICT ATTORNEY v. WALLACE
2021 OK CR 15
Decided: 05/21/2021
STATE ex rel. MARK MATLOFF, DISTRICT ATTORNEY, Petitioner v. THE HONORABLE JANA WALLACE, DISTRICT JUDGE, Respondent.
Cite as: 2021 OK CR 15, __ __

 

 

ORDER GRANTING STAY OF PROCEEDINGS
AND DIRECTING SUPPLEMENTAL BRIEFS

¶1 The State of Oklahoma, by Mark Matloff, District Attorney of Pushmataha County, petitions this Court for the writ of prohibition against enforcement of Judge Jana Wallace's April 13, 2021 order granting post-conviction relief, vacating and dismissing the second degree murder conviction of Clifton Merrill Parish in Pushmataha County Case No. CF-2010-26.

¶2 Parish was tried by jury and found guilty of second degree felony murder in March, 2012. The jury sentenced him to twenty-five years imprisonment. This Court affirmed the conviction on direct appeal in Parish v. State, No. F-2012-335 (Okl.Cr., March 6, 2014)(unpublished). Parish did not petition for rehearing, and apparently did not petition the United States Supreme Court for a writ of certiorari within the allowed ninety-day time period. On or about June 4, 2014, Parish's conviction became final.[1]

¶3 In August, 2020, Parish sought post-conviction relief, alleging that the State of Oklahoma lacked subject matter jurisdiction to try him for murder under the Supreme Court's decision in McGirt v. Oklahoma, 140 S.Ct. 2452 (2020). Judge Wallace held a hearing and found that Parish was an Indian and committed his crime within the Choctaw Reservation, the continued existence of which was recently recognized by this Court, applying McGirt, in Sizemore v. State, 2021 OK CR 6, ¶ 16, __ P.3d __, __.

¶4 Because the Choctaw Reservation is Indian Country, Judge Wallace found that the State lacked subject matter jurisdiction to try Parish for murder under the Major Crimes Act, 18 U.S.C. § 1153. Applying the familiar rule that defects in subject matter jurisdiction can never be waived, and can be raised at any time, Judge Wallace held that Parish's conviction for second degree murder was void and ordered the charge dismissed.

¶5 Judge Wallace initially stayed enforcement of the order until April 21, 2021, then effectively extended the stay by setting the matter for status conference on June 10, 2021. Petitioner Matloff filed in this Court a verified request for a stay of all trial court proceedings, which is hereby GRANTED. Pursuant to Rules 10.1(C)(2), (3), and (4), and 10.5(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2021), Petitioner Matloff is hereby directed to file with the Clerk of this Court a certified copy of the original record containing the documents previously designated, with an original or certified copy of the transcript of proceedings, if any.

¶6 Petitioner Mark Matloff and Attorney Debra K. Hampton, post-conviction counsel for party-in-interest Clifton Parish, are hereby directed within twenty days of this order to submit briefs of not more than twenty pages, addressing the following question:

In light of Ferrell v. State, 1995 OK CR 54, 902 P.2d 1113, United States v. Cuch, 79 F.3d 987 (10th Cir. 1996), Edwards v. Vannoy (No. 19--5807), 593 U.S. __ (May 17, 2021), cases cited therein, and related authorities, should the recent judicial recognition of federal criminal jurisdiction in the Creek and Choctaw Reservations announced in McGirt and Sizemore be applied retroactively to void a state conviction that was final when McGirt and Sizemore were announced?

¶7 Representatives of the Attorney General of Oklahoma and the Choctaw Nation are also invited to enter appearances and file briefs according to these guidelines. The Clerk is directed to immediately forward copies of this order to the following parties and counsel:

 
 
 
 The Honorable Jana Wallace
 Associate District Judge
 302 S.W. B
 Antlers, OK 74523

 Clifton Parish #473315
 Mack Alford CC
 P.O. Box 220
 Stringtown, OK 74569

 Mark Matloff
 District Attorney
 204 S.W. 4th St. #6
 Antlers, Oklahoma 74523
 
 
 Debra K. Hampton
 Attorney at Law
 3126 S. Blvd. #304
 Edmond, OK 73103

 Mike Hunter
 Attorney General
 313 N.E. 21st St.
 Oklahoma City, OK 73105

 Jacob Keyes
 Choctaw Nation
 P.O. Box 1210
 Durant, OK 74702
 
 
 

¶8 IT IS SO ORDERED.

¶9 WITNESS OUR HANDS AND THE SEAL OF THE COURT this 21st day of May, 2021.

/S/DANA KUEHN, Presiding Judge

/S/SCOTT ROWLAND, Vice Presiding Judge

/S/GARY L. LUMPKIN, Judge

/S/DAVID B. LEWIS, Judge

/S/ROBERT L. HUDSON, Judge

ATTEST:

John D. Hadden
CLERK

FOOTNOTES

[1] Walker v. State, 1997 OK CR 3, ¶ 3 n.7, 933 P.2d 327, 330 n.7 (citing Teague v. Lane, 489 U.S. 288, 295 (1989))(defining a final conviction as one where judgment was rendered, the availability of appeal exhausted, and the time to petition for certiorari had elapsed).

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2021 OK CR 21, 497 P.3d 686, STATE ex rel. MATLOFF v. WALLACE
Cited


 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1995 OK CR 54, 902 P.2d 1113, FERRELL v. STATE
Discussed
 2021 OK CR 6, 485 P.3d 867, SIZEMORE v. STATE
Cited
 1997 OK CR 3, 933 P.2d 327, WALKER v. STATE
Discussed


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA